# EXHIBIT 4

FIFTH DECLARATION OF AMENDMENT AND RESTATEMENT
made in New York, N.Y. as of February 15, 1994,
by CITIBANK, N.A.,
a national banking association,
with an office at 399 Park Avenue, New York, N.Y. 10043
(the "Bank" and the "Trustee")

In accordance with the provision of the AGREEMENT and DECLARATION OF TRUST entered into December 29, 1952, by and between The National City Bank of New York and certain of its Affiliates designated therein, and City Bank Farmers Trust Company, Trustee, as amended from time to time, CITIBANK, N.A. (formerly First National City Bank and prior to that The National City Bank of New York), the surviving corporation of the merger effective January 15, 1963 of First National City Bank and First National City Trust Company (formerly City Bank Farmers Trust Company), hereby amends and restates in its entirety the said AGREEMENT and DECLARATION OF TRUST to read as follows:

The Bank has adopted a Savings Incentive Plan, formerly known as the Staff Incentive Plan, formerly known as the Employees' Profit Sharing Plan, (the "Plan") for itself, and participating employers ("Affiliates") as specified in the Plan and Article VIII herein, for the exclusive benefit of participants, former participants and their beneficiaries (hereinafter "Participants") and desires hereby to continue a trust (the "Trust") previously created to hold assets of the Plan and to provide for their investment and administration. The Bank intends that the Trust shall continue to constitute a part of the Plan, qualifying under Section 401 of the Internal Revenue Code of 1986, as amended (the "Code").

NOW, THEREFORE, this Agreement witnesseth that (a) the Trustee accepts the Trust created hereby and covenants that it will hold all property which it may receive hereunder, IN TRUST, for the exclusive purposes of providing benefits to Participants and defraying reasonable expenses of administering the Plan, upon the terms and conditions hereinafter stated; and (b) the parties hereto agree as follows:

## ARTICLE I

## GENERAL DUTIES OF THE PARTIES

SECTION 1.1 General Duties Of Bank. The Bank shall from time to time certify to the Trustee the names and specimen signatures of the members of the United States Human Resources Policy Committee (the "Committee") and of any other persons then acting who have authority to control and manage the operation and administration of the Plan. The Bank shall make its contributions as the same may be appropriated by due corporate action, and shall transmit to the Trustee the contributions, rollover contributions and loan repayments, including interest, of Plan Participants, in cash or in other property acceptable to the Trustee. The Bank shall keep accurate books and records with respect to Participants including without limitation records as to their compensation, ages, contributions, and loan repayments including interest:

-2-

SECTION 1.2 <u>General Duties Of Trustee</u>. The Trustee shall hold all property received by it hereunder, which, together with the income and gains therefrom and additions thereto, shall constitute the Trust Fund. Except as otherwise hereinafter provided, the Trustee shall manage, invest and reinvest the Trust Fund, collect the income thereof, and make payments therefrom, all as hereinafter provided. The Trustee shall be responsible only for the property actually received by it hereunder. It shall have no duty or authority to compute any amount to be paid to it by the Bank or to bring any action or proceeding to enforce the collection from the Bank of any contribution to the Trust Fund

## ARTICLE II

## INVESTMENT, ADMINISTRATION AND

## DISBURSEMENT OF TRUST FUND

SECTION 2.1  Division Of The Trust Fund.  The Committee shall have exclusive authority and discretion to select the funds in which contributions under the Plan are to be invested (the "Investment Funds").  The Committee has determined that the Trust Fund shall be divided into eight Investment Funds to be designated as follows:

|      |        |
|------|--------|
| (i)  | Fund A |
| (ii) | Fund B |
| (iii)| Fund C |
| (iv) | Fund D |
| (v)  | Fund E |
| (vi) | Fund F |
| (vii)| Fund G |
| (viii)| Fund H |

Each such Investment Fund shall be invested in accordance with the provisions of Section 2.2 in the kinds of property specified for such Investment Fund therein and in accordance with the procedures set forth in Sections 2.4 and 2.9.  Upon each contribution to the Trust Fund, the Bank shall advise the Trustee in writing as to the amount of such contribution which shall be allocated to each of said Investment Funds, and the Trustee shall hold and invest the amount so specified as a part of the Investment Fund to which it shall have been allocated.

The Trustee shall follow the directions of the Committee regarding the investment and reinvestment of the Trust Fund and of the Company regarding the allocation of contributions and the transfer of funds among Investment Funds and shall be under no duty or obligation to review any investment to be acquired, held or disposed or pursuant to such directions nor to make any recommendations with respect to the disposition or continued retention of any such investment. The Trustee shall have no liability or responsibility for acting without questions on the direction of, or failing to act in the absence of any direction from the Committee, unless the Trustee has knowledge that by such action or failure to act it will be participating in or undertaking to conceal a breach of fiduciary duty by the Committee.

Each Plan Participant shall have the exclusive right, in accordance with the provisions of the Plan, to direct the investment by the Trustee of all amounts allocated to the separate accounts of such Plan Participant among any one or more of the Investment Funds. Investment directions by Plan Participants with respect to all contributions made under the Plan shall be furnished to the Trustee by the Bank. In making any investment of the assets of the Trust Fund, the Trustee shall be fully entitled to rely on such directions furnished by the Bank with respect to the investment of contributions under the Plan and shall be under no duty to make any inquiry or investigation with respect thereto. If the Trustee receives any contribution under the Plan that is not accompanied by written instructions directing its investment, the Trustee may, in its discretion, hold or return all or a portion of the contribution, uninvested without liability for loss of income or appreciation pending receipt of proper investment directions. Notwithstanding anything to the contrary herein, it is specifically intended under the Plan and this Agreement that

the Trustee shall have no discretionary authority to determine the investment of the assets of the Trust Fund.

SECTION 2.2  Investment Of The Trust Fund.  The contributions allocated to each of the Investment Funds named in Section 2.1, and all proceeds, interest, income or other payments in respect of such Fund shall be invested in the manner described below:

    (i)   Fund A. Fixed Income Fund.

Except as hereinafter provided, all amounts allocated to the Fixed Income Fund, including all income and accretions thereon, shall be invested and reinvested principally in such corporate, municipal, or United States Government bonds, debentures, notes, certificates or any other similar evidence of indebtedness as the Trustee or any Investment Manager appointed pursuant to Section 2.9 shall in its discretion determine; or, in the discretion of the Trustee or such Investment Manager, all or any part of such amounts may be invested or reinvested in such evidence of indebtedness collectively with funds of other pension and profit sharing trusts exempt from tax under Section 501(a) of the Code by reason of qualifying under Section 401(a) of the Code (as such Sections may be renumbered, amended or reenacted) through the medium of the Commingled Employee Benefit Trust established and maintained by Chancellor Trust Company ("Chancellor CEBT").

(ii)  <u>Fund B.</u> <u>Citicorp Stock Fund.</u>

Except as hereinafter provided, all amounts allocated to the Citicorp Stock Fund, including all income and accretions thereon, shall be invested and reinvested in the common stock of Citicorp.  At such time as the Trustee is required to purchase shares of Citicorp common stock as the result of the operation of the Plan, the Committee hereby directs the Trustee to purchase such shares directly from Citicorp at a share price equal to the average of the high and low sale prices as published in The Wall Street Journal report of the New York Stock Exchange Composite Transactions on the last trading day prior to the day on which such shares are purchased, if Citicorp is willing to sell at such price, and free of commission or other charge; <u>provided,</u> <u>however,</u> that in no event shall the price in the case of such a purchase be more than "adequate consideration" as such term is defined in Section 408(e) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA").  If Citicorp is not willing to sell on such terms, the Trustee shall purchase the required shares on the open market. The Trustee also may appoint an independent banking institution to effect such purchases independently of the Trustee and to make purchases at private sale without obtaining the approval of the Committee.  Except upon written directions from the Committee, or

in the case of fractional shares received in any stock dividend, stock split or other recapitalization, or as necessary to make any distribution, transfer or payment from the Citicorp Stock Fund, the Trustee shall have no power or duty to sell or otherwise dispose of any stock acquired for the Citicorp Stock Fund.

(iii)  Fund C. Common Stock Fund.

Except as hereinafter provided, all amounts allocated to the Common Stock Fund, including all income and accretions thereon, shall be invested and reinvested principally in such capital, common or other forms of equity stocks, or securities convertible into stock, of such corporations as the Trustee or any Investment Manager appointed pursuant to Section 2.9 shall in its discretion determine; or, in the discretion of the Trustee or such Investment Manager, all or any part of such amounts may be invested and reinvested in such stocks or securities collectively with funds of other pension and profit sharing trusts exempt from tax under Section 501(a) of the Code by reason of qualifying under Section 401(a) of the Code (as such Sections may be renumbered, amended or reenacted) through the medium of the Chancellor CEBT.

(iv)  Fund D. Citicorp Book Value Fund.

Except as hereinafter provided, all amounts allocated to the Citicorp Book Value Share Fund shall be invested and reinvested in Book

-8-

Value Shares (as hereinafter defined) of Citicorp Common Stock at such a price, at such times, and in such a manner as shall be provided in the Agreement dated January 1, 1977 between the Trustee and Citicorp (the "Book Value Share Agreement"), attached as Appendix 1 to this Agreement. In the case of full or fractional shares (other than full shares of Citicorp Book Value Shares) received in any stock dividend, stock split or other recapitalization with respect to the Book Value Shares the Trustee shall have the power to sell or otherwise dispose of such full or fractional shares received, and invest the proceeds in Book Value Shares. Except upon written directions from the Committee or the Board of Directors of Citicorp as provided in the Book Value Share Agreement, or except in the case of full or fractional shares received in any stock dividend, stock split or other recapitalization as described above or except as the Trustee shall request as provided in the Book Value Share Agreement in order to make any distribution or payment from the Book Value Share Fund, the Trustee shall have no power or duty to sell or otherwise dispose of any stock acquired for the Citicorp Book Value Share Fund. In the event that all the Book Value Shares held in the Citicorp Book Value Share Fund are repurchased by Citicorp from the Trustee pursuant to the Book Value Share Agreement, then the Trustee shall give notice of such repurchase to the Participants in the Citicorp Book Value Share Fund and shall transfer all property and cash received as a result of such

-9-

repurchase to such Fund or Funds as the Participants in the Citicorp Book Value Share Fund shall direct. In the event that the Trustee fails to receive such direction from any Participant within the period specified in such notice, the Trustee shall transfer all such Participant's interest in the property and cash received to the Citicorp Stock Fund to be held and reinvested in the same manner as other property held in the Citicorp Stock Fund. Any amounts so transferred and which were credited to Fund D shall be credited to the accounts of the same persons, and in the same proportions, as such amounts were credited immediately prior to such repurchase and transfer. As used in this Agreement, the Term "Book Value Share" means a share of Common Stock of Citicorp which shall be authorized for issuance and which shall have the same voting, dividend and liquidation rights of unrestricted shares of Common Stock of Citicorp, except that it shall not be transferable except to Citicorp and except that it shall be subject to the repurchase provisions set forth in the Book Value Share Agreement.

(v)  Fund E.  Guaranteed Rate Fund.

Except as hereinafter provided, all amounts allocated to the Guaranteed Rate Fund, including all income and accretions thereon, shall be invested in a Time Deposit Open Account with a subsidiary bank of Citicorp. Such Account shall earn interest, determined for each month as of the first business day of each month, at a rate

-10-

equal to the greater of (i) the average of the two preceding average auction rates of three-month U.S. Treasury Bills plus three-quarters of one percent or (ii) a guaranteed rate of interest as may be determined by the Committee. Such guaranteed rate of interest may be changed by the Committee from time to time but not more frequently than once in any 12-month period as it shall in its discretion determine. However, each such change shall be effective commencing at least one month after notice of such change has been communicated to the Plan Participants in such manner as the Committee shall determined. Interest earned by such Account shall be paid monthly to the Trustee.

(vi)    Fund F.  Emerging Growth Stock Fund.

Except as hereinafter provided, all amounts allocated to the Emerging Growth Stock Fund, including all income and accretions thereon, shall be invested in the Emerging Growth Stock Fund of the Chancellor CEBT.

(vii)   Fund G.  International Securities Fund.

Except as hereinafter provided, all amounts allocated to the International Securities Fund, including all income and accretions thereon, shall be invested in the International Securities Fund of the Commingled Employee Benefit Trust established and maintained by Citibank, N.A. under a Declaration of Trust dated October 1, 1962.

-11-

as amended from time to time, which is made a part of this Agreement so long as any portion of the Trust Fund shall be invested through the medium thereof ("Citibank CEBT"), or in capital, common or other forms of equity stock, or securities convertible into stock, of emerging growth corporations or other similar business entities that are incorporated or organized outside the United States, as the Trustee or any Investment Manager appointed pursuant to Section 2.9 shall in its discretion determine.

(viii) Fund H.  Balanced Fund.

Except as hereinafter provided, all amounts allocated to the Balanced Fund, including all income and accretions thereon, shall be invested in Funds A, C, E, F and G in such proportions as the Trustee or any Investment Manager appointed pursuant to Section 2.9 shall in its discretion determine, but subject to the Committee's declaration of the maximum and minimum that may be invested in any one Investment Fund.

Notwithstanding the foregoing, the Trustee may in its discretion temporarily invest any part of the amounts allocated to any Investment Fund either in short term investments selected by it or collectively with funds of other pension and profit sharing trusts exempt from tax under Section 501(a) of the Code by reason of qualifying under Section 401(a) of the Code through the medium of the Citibank CEBT.

SECTION 2.3.  Valuation Of Funds.  As of such valuation dates as the Committee may

fix from time to time, but not less frequently than once every twelve months, the Trustee

shall report to the Committee the assets held as of such dates in each of the Investment

Funds designated in Section 2.1 and described in Section 2.2, and shall determine and

include in such report for the assistance of the Committee in administering the Plan the fair market value as of such dates of each such asset. In determining such fair market values the Trustee shall use such market quotations and other information as are available to it and as may in its discretion be appropriate. The report of any such valuation shall not constitute a representation by the Trustee that the amounts reported as fair market values would actually be realized upon the liquidation of any Investment Fund. The Trustee shall not be accountable to the Committee or to any Participants or to any other person on the basis of any such valuation, but its accountability shall be in accordance with the provision of Article V hereof.

Notwithstanding any other provision of this Section, the Trustee, in determining the fair market value of assets of the Trust held within each Investment Fund, may rely upon the determination of the issuer of any insurance contract held as part of the Trust with respect to the value of such contract entered into pursuant to this Agreement, the determination of any bank with respect to the value of any interest of the Trust in any common, collective or commingled trust fund maintained by such bank in which assets of the Trust are permitted to be invested by this Agreement and the determination of any third parties sponsoring mutual funds in which any of the Investment Funds have been invested with respect to the value of any interest of the Trust in such investments.

The Bank acknowledges that in order to comply with and perform its own obligations under this Agreement, the Trustee will rely on the timely and accurate communication by any issuer of any insurance contract held as part of the Trust as herein provided, any bank maintaining any common, collective or commingled trust fund in which assets of the

Trust have been invested as herein provided, or any third parties sponsoring mutual funds in which the Investment Funds have been invested pursuant to the written direction of the Committee of the values of all assets invested pursuant to this Agreement in the Investment Funds.  It is further understood and agreed that the Trustee, in the maintenance of its records hereunder, does not assume any responsibility for the accuracy of any information furnished by the Bank, the Committee, any issuer of any insurance contract held as part of the Trust as herein provided, any bank maintaining any common, collective or commingled trust fund in which assets of the Trust have been invested as herein provided, or any third parties sponsoring such mutual funds in which any of the Investment Funds may be invested or any other person, firm or corporation.

SECTION 2.4.  Additional Investment Powers Of Trustee.  Subject to the provisions of Sections 2.1 and 2.2, the Trustee shall have, with respect to any property at any time held by it and constituting part of the Trust Fund, power in its discretion:

        (a)     To retain any property at any time received by the Trustee;

        (b)     To sell or exchange any property at public or private sale for cash or on credit and to grant options for the purchase or exchange thereof;

        (c)     To participate in any plan or reorganization, consolidation, merger, combination, liquidation or other similar plan relating to any property held in the Trust Fund, and to consent to or oppose any such plan or any action thereunder, or any contract, lease, mortgage, purchase, sale or other action by any person or corporation;

(d)    To deposit any property with any protective, reorganization or similar committee; and to pay and agree to pay part of the expense and compensation of any such committee and any assessments levied with respect to any property so deposited;

(e)    To exercise conversion and subscription rights pertaining to any property held in the Trust Fund;

(f)    To extend the time of payment of any obligation held in the Trust Fund;

(g)    To enter into standby agreements for future investment, either with or without a standby fee; and

(h)    To hold uninvested, without liability for interest thereon, any moneys received by the Trustee until the same shall be reinvested or disbursed.

(i)    To transfer all or any specified assets in that part of the Trust Fund which is subject to an Investment Manager's direction under Section 2.9 to any common, collective or commingled trust fund, which consists solely of assets of trusts qualified under Section 401(a) of the Code, which is exempt from tax under Section 501(a) of the Code and which is maintained by such Investment Manager, an affiliate thereof or any other entity (the "Collective Trust"); provided, however, that such Investment Manager, affiliate or other entity, as the case may be, maintaining the Collective Trust is a bank as defined in the Investment Advisors Act of 1940, as amended, and whereupon the instrument establishing the Collective Trust, as

-16-

amended from time to time, shall constitute a part of each Participating Plan the assets of which are included in such part of the Trust as long as portion of such assets shall be invested through the medium of the Collective Trust.

## SECTION 2.5 Administrative Powers Of Trustee.

The Trustee shall have power in its discretion -

(a)    Subject to the provisions of Section 2.8, to exercise all voting rights with respect to any investment and to grant proxies discretionary or otherwise;

(b)    To cause any investment to be registered and held in the name of one or more of its nominees, or one or more nominees of any system for the central handling of securities, without increase or decrease of liability;

(c)    To collect and receive any and all money and other property due to the Trust Fund and to give full discharge therefor;

(d)    To settle, compromise or submit to arbitration any claims, debts or damages due or owing to or from the Trust; to commence or defend suits or legal proceedings to protect any interest of the Trust; and to represent the Trust in all suits or legal proceedings in any court or before any other body or tribunal;

(e)    For the purposes of the Trust, to borrow money from others, to issue its promissory note or notes therefor, and to secure the repayment thereof by pledging any property in its possession; provided,

-17-

<u>however</u>, that no such loan or advance shall be made by the Trustee hereunder other than temporary advances to the Trust Fund, on a cash or overdraft basis, on which no interest is payable;

(f)    To organize under the laws of any State a corporation for the purpose of acquiring and holding title to any property which it is authorized to acquire under this Agreement and to exercise with respect thereto any or all of the powers set forth in this Agreement;

(g)    Subject to Section 2.9, to manage, operate, repair, improve, develop, preserve, mortgage or lease for any period any real property or any oil, mineral or gas properties, royalties, interests or rights held by it directly or through any corporation, either alone or by joining with others, using other Trust assets for any of such purposes to modify, extend, renew, waive or otherwise adjust any or all of the provisions of any such mortgage or lease; and to make provision for amortization of the investment in or depreciation of the value of such property; and

(h)    To appoint ancillary or subordinate trustees or custodians to hold title to, or other indicia of ownership of, property of the Trust in those jurisdictions, domestic or foreign, in which the Trustee is not authorized to do business and to define the scope of responsibilities of each such ancillary or subordinate trustee or custodian;

(i)    Generally to do all acts, whether or not expressly authorized, which the Trustee may deem necessary or desirable for the protection of the Trust Fund.

-18-

SECTION 2.6.  <u>Trustee's Authority</u>.  Persons dealing with the Trustee shall be under no obligation to see to the proper application of any money paid or property delivered to the Trustee or to inquire into the Trustee's authority as to any transaction.

SECTION 2.7  <u>Distributions From Trust Fund</u>.  The Trustee shall make such distributions of cash or property from the Trust Fund at such time or times and to such person or persons, including a paying agent or agents designated by the Committee or the Committee as paying agent, as the Committee shall direct in writing.  Any cash or property so paid or delivered to any paying agent shall be held in trust by such payee until disbursed in accordance with the Plan.  Upon written direction by the Committee the Trustee shall transfer and deliver such part of the Trust Fund as may be specified in such direction to any other trust established for the purpose of funding benefits under the Plan or under any other plan, qualifying under Section 401 of the Code, established for the benefit of Participants by the Bank or any successor or transferee thereof; provided such transfer shall be in conformity with the requirements of Federal Law.  Neither during the existence nor upon the discontinuance of the Plan shall any part of the Trust Fund be used for or diverted to purposes other than for the exclusive benefit of Participants.  Any written direction of the Committee shall constitute a certification that the distribution or payment so directed is one which the Committee is authorized to direct.

The Trustee may make any distribution or payment required to be made by it hereunder by mailing its check for the specified amount, or delivering the specified property, to the person to whom such distribution or payment is to be made, at such address as may

have been last furnished to the Trustee, or if no such address shall have been so furnished, to such person in care of the Bank or the Committee, or (if so directed by the Committee) by crediting the account of such person or by transferring funds to such person's account by bank wire or transfer. The Trustee shall withhold from such distribution or payment such amounts for taxes as are calculated to be required under applicable Federal and local law. The Committee shall cause the Trustee to be furnished with calculations of amounts required to be withheld or with such information as may be required by the Trustee to perform such calculations.

SECTION 2.8    (i)    Voting Of Securities. In the absence of a notice described in the next sentence, the Trustee shall have power in its discretion to exercise all voting rights with respect to any investment held in the Trust Fund other than the Citicorp Stock Fund or the Book Value Share Fund and to grant proxies, discretionary or otherwise, with respect thereto, except that, at any time when an Investment Manager shall be acting as provided in Section 2.9, the Trustee shall not exercise its discretion with respect to voting any securities under the management of such Investment Manager but shall send such Investment Manager all notices of meetings and all proxies and proxy materials relating to such securities, signed without indication of voting preference, and the Investment Manager shall exercise all voting rights with respect thereto. The Committee may notify the Trustee in writing that the

Committee or another person (other than the Trustee) designated in such notice is to exercise the voting rights which would otherwise be exercised by the Trustee and all Investment Manager hereunder, in which event the Trustee shall, so long as such notice remains in effect, send to the Committee or such other person all notices of meetings and proxies and proxy material relating to the securities held in the Trust Fund, signed without indication of voting preference, and the Committee or such other person shall exercise all voting rights with respect to securities.

(ii)   Voting Of Citicorp Stock.   The Trustee shall not vote the shares held in the Citicorp Stock Fund or in the Book Value Share Fund at any meeting of stockholders except as it shall receive voting instructions from Participants participating in the Citicorp Stock Fund or in the Book Value Fund or as provided below. At the time of mailing the notice of each annual or special stockholders' meeting, the Bank shall send a copy of such notice and all proxy solicitation material to each Participant then participating in the Citicorp Stock Fund or in the Book Value Share Fund together with a voting instruction form for return to the Trustee or its designee. Such form shall show the number of full shares of Citicorp stock attributable to a Participant's account and shall provide

-21-

a means for him to instruct the Trustee confidentially as to how such shares are to be voted at such meeting and also advising such Participant that in the event the Trustee is not provided with timely voting instructions, such will be deemed to be an instruction to vote and the Trustee shall vote any such shares as to which timely voting instructions (or signed voting instruction cards) were not received by the Trustee in the same proportion as shares as to which timely voting instructions have been received by the Trustee. Upon receipt of such instructions the Trustee shall vote such stock as instructed. Voting instructions received from Participants shall be held in confidence by the Trustee and shall not be divulged. Voting instructions received from Participants shall be held in confidence by the Trustee and shall not be divulged to the Bank or to any officer or employee thereof or to any other person. The Trustee shall also vote the shares of Citicorp Stock for which no instructions (nor signed voting instruction cards) are received, according to the same proportions, as to such matter voted upon, as the shares of Citicorp Stock for which instructions (or signed voting instruction cards) are received.

SECTION 2.9  <u>Direction Of Investment</u>.  The Committee, the "named fiduciary" (as such term is defined in Section 402(a)(2) of ERISA) of the Plan, shall from time to time specify by written notice to the Trustee whether, and, if applicable, the extent to which, the investment of the Trust Fund shall be managed by the Trustee, or shall be directed by one or more investment managers ("Investment Managers") appointed by the Committee, or whether both the Trustee and one or more Investment Managers are to participate in investment management, and if so in each case how the investment responsibility is to be divided with respect to assets, classes of assets or sub-funds specified and defined in such notice.   In the event that the Committee shall fail to specify pursuant to this Section the person or persons who are to manage the investment of the Trust or any portion thereof, the Trustee shall invest the Trust or such portion solely in short term obligations, either separately or by investment collectively pursuant to the last paragraph of Section 2.2 otherwise as provided herein.

Any Investment Manager appointed to manage the investment of a part (or all) of the Trust hereunder shall either (i) be registered as an investment adviser under the Investment Advisers Act of 1940, (ii) be a bank, as defined in that Act or (iii) be an insurance company qualified to perform investment management services under the laws of more than one State.  If investment of the Trust is to be directed in whole or in part by an Investment Manager, the Trustee shall be given copies of the instruments appointing the Investment Manager and evidence of his acceptance of such appointment and acknowledgment that he is fiduciary of the Plan.  The Trustee may continue to rely upon such instruments and certificates until otherwise notified in writing by the Committee.

The Trustee shall follow the directions of the Investment Manager regarding the investment and reinvestment of the Trust, or such portion thereof as shall be under management by such Investment Manager, and shall be under no duty or obligation to review any investment to be acquired, held or disposed of pursuant to such directions nor to make any recommendations with respect to the disposition or continued retention of any such investment. The Trustee shall have no liability or responsibility for acting without question on the direction of, or failing to act in the absence of any direction from the Investment Manager, unless the Trustee has knowledge that by such action or failure to act it will be participating in or undertaking to conceal a breach of fiduciary duty by the Investment Manager.

With respect to the management or the investment of the Trust Fund subject to the direction of the Investment Manager, the Investment Manager shall have all of the powers and discretion set forth herein; provided, however, the Investment Manager may by written authorization delegate to the Trustee authority in the Trustee's sole discretion to invest pursuant to the last paragraph of Section 2.2 a specified portion of the portion Trust Fund subject to the management of the Investment Manager, in short term obligations, either separately or collectively with such other Funds, including without limitation, collective investment in short term obligations through the medium of one or more investment funds of the Citibank CEBT.

The Investment Manager at any time and from time to time may issue orders for the purchase or sale of securities or other investments directly to a broker. In order to facilitate such transactions, the Trustee, upon request of the Investment Manager, shall

execute and deliver appropriate trading authorizations, provided, however, that the Trustee may require evidence that all risks associated by the Investment Managers are acknowledged by the Bank or the Committee and the Investment Manager. Written notification of the issuance of each such order shall be given promptly to the Trustee by the Investment Manager, and the execution of each such order shall be confirmed to the Trustee by the broker. Such notification shall be authority for the Trustee to pay for securities purchased against receipt thereof and to deliver securities sold against payment therefore, as the case may be. The Trustee is also authorized to execute and deliver appropriate trading authorizations when notified by the Investment Manager by other means of communication mutually agreed upon by the Trustee and the Investment Manager.

The Investment Manager at any time and from time to time may issue orders for the purchase or sale of securities directly to a broker, and in order to facilitate such transaction the Trustee upon request shall execute and deliver appropriate trading authorizations. Written notification of the issuance of each such order shall be given promptly to the Trustee by the Investment Manager and the execution of each such order shall be confirmed to the Trustee by the broker. Such notification shall be authority for the Trustee to pay for securities purchased against receipt thereof and to deliver securities sold against payment therefore, as the case may be. The Trustee is also authorized to execute and deliver appropriate trading authorizations when notified by the Investment Manager by other means of communication mutually agreed upon by the Trustee and the Investment Manager.

In the event that an Investment Manager should resign or be removed by the Committee, the Trustee shall, upon receiving written notice of such resignation or removal, manage the investment of the portion of the Trust Fund under management by such Investment Manager at the time of its resignation or removal pursuant to the last paragraph of Section 2.2, unless and until the Trustee shall be notified of the appointment of another Investment Manager, as provided in this Section, for such portion of such fund.

The Investment Manager shall not without the written consent of the Trustee direct the acquisition of any real property or any oil, mineral or gas properties, interest or rights.

## ARTICLE III
### FOR PROTECTION OF TRUSTEE

SECTION 3.1. _Composition Of Committee_. Until notified by the Bank that any Committee member has ceased to have the authority to act for the Committee, the Trustee may continue to rely on the authority of such member. If at any time the full number of Committee members provided for in the Plan has not been designated by the Bank, the member or members acting at such time shall be deemed to be the Committee, or if at any time there is no member of the Committee, the Board of Directors of the Bank shall be deemed to be the Committee.

-26-

SECTION 3.2.  Evidence Of Action By Bank Or Committee.  The Bank shall certify to the Trustee the name or names of any person or persons authorized to act for the Bank. Until the Bank notifies the Trustee that any such person is no longer authorized to act for the Bank, the Trustee may continue to rely on the authority of such person.

The Trustee may rely upon any certificate, notice or direction purporting to have been signed on behalf of the Committee which the Trustee believes to have been signed by the Committee or the person or persons authorized to act for the Committee.  The Trustee may rely upon any certificate, notice or direction of the Bank which the Trustee believes to have been signed by a duly authorized officer or agent to the Bank.  The Trustee is further authorized to rely upon any instructions received by any other means and identified as having been given or authorized by any person named to the Trustee pursuant to this Article as authorized to give written instructions, regardless of whether such persons, provided that the Bank and the Trustee shall have agreed upon the means of transmission and the method of identification for such instructions.  Instructions received by any other means shall include verbal or facsimile transmission instructions, provided, that any verbal instruction shall be promptly confirmed in writing.

Communications to the Trustee shall be sent to the Trustee's office stated above or to such other address as the Trustee may specify.  No communication shall be binding upon the Trust Fund or the Trustee until it is received by the Trustee.

Communications to the Committee or to the Bank shall be sent to the Bank's office stated above or to such address as the Committee may specify.

-27-

SECTION 3.3.  Advice Of Counsel To The Bank or The Committee.  The Trustee may consult with any legal counsel, including counsel to the Bank or the Committee, with respect to the construction of this Agreement, its duties hereunder, or any act which it proposes to take or omit.

SECTION 3.4.  Miscellaneous.  The Trustee shall discharge its duties hereunder with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.  The Trustee shall not be liable for any loss sustained by the Trust Fund by reason of the purchase, retention, sale or exchange of any investment in good faith and in accordance with the provisions of this Agreement, and of any applicable Federal law.

The Trustee's duties and obligations shall be limited to those expressly imposed upon it by this Agreement, notwithstanding any reference to the Plan.

The Bank, the Committee or both at any time may employ as agent (to perform any act, keep any records or accounts, to make any computations required of the Bank or the Committee by this Agreement or the Plan) the corporation serving as Trustee hereunder. Nothing done by said corporation as such agent shall affect the responsibility or liability as Trustee hereunder.

## ARTICLE IV

## TAXES, EXPENSES & COMPENSATION OF TRUSTEE

SECTION 4.1.  Taxes.  Upon written direction of the Bank, the Trustee shall deduct from and charge against the Trust Fund any taxes on the Trust Fund or the income thereof on which the Trustee is required to pay with respect to the interest of any person therein, provided, however, that the Bank shall be required to provide the Trustee with all information necessary for the Trustee to accept this responsibility.  The Trustee shall be fully protected in acting upon, or failing to act in the absence of, such direction and/or provision of such information.

SECTION 4.2.  Expenses And Compensation.  The Trustee shall pay from the Trust Fund, when so directed by the Committee, any specified expenses of administration of the Plan. The Bank shall pay the reasonable compensation of counsel and any agents engaged by the Trustee to assist it in such management and administration of the Trust, and shall pay the Trustee reasonable compensation for its services as Trustee hereunder.

SECTION 4.3.  Taxes and Expenses Charged Proportionately.  Any taxes, expenses or compensation paid from the Trust Fund as provided above shall be charged against the Investment Funds in proportion to their respective values on the next preceding valuation date as determined in accordance with Section 2.3, unless the Committee shall otherwise direct the Trustee in writing.  The Trustee shall notify the Committee in advance of making any payment from the Trust Fund for taxes, compensation or expenses unless such payment has been previously authorized by the Committee.

**ARTICLE V**

**SETTLEMENT OF ACCOUNTS - ENFORCEMENT OF TRUST -**

**LEGAL PROCEDURES**

SECTION 5.1.  Settlement Of Accounts Of Trustee And Committee.  The Trustee shall keep full accounts of all of its receipts and disbursements. Its financial statements, books and records with respect to the Trust Fund shall be open to inspection by the Committee or its representatives at all reasonable times during business hours of the Trustee and may be audited not more frequently than once in each fiscal year by an independent certified public accountant engaged by the Committee.

Within 90 days after the close of each year, or any termination of the duties of the Trustee, the Trustee shall prepare, sign and mail in duplicate to the Committee an account of its acts and transactions as Trustee hereunder.  If the Committee finds the account to be correct, the Committee shall sign the instrument of settlement annexed to one counterpart of the account and return such counterpart to the Trustee, whereupon the account shall become an account stated as between the Trustee and the Committee. If within 90 days after receipt of the account or any amended account the Committee has not signed and returned a counterpart to the Trustee, nor files with the Trustee notice of any objection to any act or transaction of the Trustee, the account or amended account shall become an account stated as between the Trustee and the Committee.  If any objection has been filed, and if the Committee is satisfied that it should be withdrawn or

if the account is adjusted to its satisfaction, the Committee shall in writing filed with the Trustee signify its approval of the account and it shall become an account stated as between the Trustee and the Committee.

When an account becomes an account stated, such account shall be finally settled, and the Trustee shall be completely discharged and released, as if such account had been settled and allowed by a judgment or decree of a court of competent jurisdiction in an action or proceeding in which the Trustee and the Committee were parties.

The Trustee, or the Committee shall have the right to apply at any time to a court of competent jurisdiction for judicial settlement of any account of the Trustee not previously settled as hereinabove provided. In any such action or proceeding it shall be necessary to join as parties only the Trustee, the Committee and the Bank (although they may also join such other parties as it may deem appropriate), and any judgment or decree entered therein shall be conclusive.

Insofar as any account reflects anything done or omitted by the Committee, such account may be adopted by the Committee by being signed by two of its members. All provisions of this Section respecting settlement of the accounts of the Trustee shall prevail with respect to accounts of the Committee with the same force and effect as if the Committee were named wherever the Trustee is named in this Section.

SECTION 5.2.  Determination Of Interests Under Plan Or In Trust Fund Enforcement Of Trust-Legal Proceedings.  The Committee shall have authority to determined the interests of all persons in the Trust fund or under the Plan, and the Trustee shall have no duty to question any direction given by the Committee to the Trustee.  The Committee shall have authority, either jointly or severally, to enforce this Agreement on behalf of all persons claiming any interest in the Trust Fund or under the Plan.

## ARTICLE VI

### RESIGNATION AND REMOVAL OF TRUSTEE

SECTION 6.1.  Resignation Of Trustee.  The Trustee may resign at any time by filing with the Bank its written resignation.  Such resignation shall take effect 60 days from the date of such filing or upon appointment of a successor pursuant to Section 6.3, whichever shall first occur.

SECTION 6.2.  Removal Of Trustee.  The Board of Directors of the Bank may remove the Trustee at any time by delivering to the Trustee a written notice of its removal and an appointment of a successor pursuant to Section 6.3.  Such removal shall not take effect prior to 60 days from such delivery unless the Trustee agrees to an earlier effective date.

SECTION 6.3. <u>Appointment Of Successor Trustee</u>. The appointment of a successor to the Trustee shall take effect upon delivery to the Trustee of (a) an instrument in writing appointing such successor, executed by the Bank and (b) an acceptance in writing, executed by such successor, both acknowledged in the same form as this Agreement. The Bank shall send notice of such appointment to each member of the Committee.

All of the provisions set forth herein with respect to the Trustee shall relate to each successor with the same force and effect as if such successor had been originally named as Trustee hereunder.

If a successor is not appointed within 60 days after the Trustee gives notice of its resignation pursuant to Section 6.1, the Trustee or the Committee may apply to any court of competent jurisdiction for appointment of a successor.

SECTION 6.4. <u>Transfer Of Fund To Successor</u>. Upon the resignation or removal of the Trustee and appointment of a successor, and after the final account of the Trustee has been settled as provided in Article V, the Trustee shall transfer and deliver the Trust Fund to such successor.

## ARTICLE VII

## DURATION AND TERMINATION OF TRUST - AMENDMENT

SECTION 7.1.  Duration And Termination.  This Trust shall continue for such time as may

be necessary to accomplish the purpose for which it was created but may be terminated

at any time by the Bank by action of its Board of Directors.  Notice of such termination

shall be given to the Trustee by an instrument in writing executed by the Bank and

acknowledged in the same form as this Agreement, together with a certified copy of the

resolution of the Board of Directors of the Bank authorizing such termination.  The Bank

shall send a copy of such notice to each member of the Committee.


SECTION 7.2.  Distribution Upon Termination.  If this Trust is terminated, the Trustee upon

the written direction of the Committee shall liquidate the Trust Fund to the extent required

for distribution and, after its final account has been settled as provided in Article V, shall

distribute the net balance thereof to such person or persons, at such time or times and

in such proportion and manner as may be directed by the Committee, or in the absence

of such direction, as may be directed by a judgment or decree of a court of competent

jurisdiction.  Upon making such distribution, the Trustee shall be relieved from all further

liability.  The powers of the Trustee hereunder shall continue so long as any assets of the

Trust Fund remain in its hands.


SECTION 7.3.  Amendment.  By an instrument in writing delivered to the Trustee executed

pursuant to the order of the Bank's Board of Directors and acknowledged in the same

form as this Agreement, the Bank shall have the right at any time and from time to time

to amend this Agreement in whole or in part except that the duties and responsibilities of the Trustee shall not be increased without the Trustee's written consent; provided, however, that no such amendment shall divert any part of the Trust Fund to purposes other than the exclusive benefit of Participants. The Bank shall send a copy of any such amendment to each member of the Committee. Any such amendment shall become effective upon (a) delivery to the Trustee of the written instrument of amendment, together with a certified copy of the resolution of the Board of Directors authorizing such amendment, and (b) endorsement by the Trustee on such instrument of its receipt thereof, together with its consent thereto, if such consent is required.

## ARTICLE VIII

### AFFILIATED EMPLOYERS

SECTION 8.1. Affiliated Employers May Join In Agreement. With the consent of the Bank and the Trustee, any other employer may join in this Agreement as an "Affiliate" by filing with the Bank and the Trustee a duly executed instrument in the form annexed hereto as Exhibit A. The contributions which may be made by each Affiliate, and the income therefrom, shall be held by the Trustee as a part of the Trust Fund unless segregated in a separate Trust as provided in Section 8.3.

-35-

SECTION 8.2.  Bank Appointed Agent Of Affiliates.  Each Affiliate appoints the Board of Directors of the Bank as its agent to exercise on its behalf all of the powers and authority conferred upon the Bank by this Agreement, including, without limitation, the power to amend this Agreement or to terminate this Trust.  The authority of the Board of Directors of the Bank to act as agent of any Affiliates shall terminate only if the part of the Trust Fund held for the benefit of Participants of such Affiliate shall be segregated in a separate Trust as provided in Section 8.3.

SECTION 8.3.  Segregation Of Funds.  The Committee may at any time direct the Trustee to segregate from the Trust Fund such part thereof as the Committee shall determine to be held for the benefit of Participants of such Affiliate, and shall give a copy of such directions to the Bank and each Affiliate.  Such directions shall specify both the amount and particular assets of the Trust Fund to be segregated.  Unless the Bank or any Affiliate files with the Trustee a written protest within 30 days after delivery of such directions to the Trustee, such directions shall conclusively establish that the amount and particular assets specified therein represent the part of the Trust Fund held for the benefit of Participants of such Affiliate.

After the expiration of such 30-day period, and after settlement of any such protest, the Trustee shall follow the Committee's direction, including any modification thereof adopted in settlement of any such protest.  Any part of the Trust Fund segregated pursuant to such directions shall thereafter be held upon a separate trust identical in terms to the Trust hereby established, except that with respect to such separate trust this Agreement

shall be construed as if such Affiliate had been named as the Bank and all powers and authority conferred upon the Bank or its Board of Directors and a Committee appointed by such Affiliate. At any time thereafter such Affiliate and the Trustee may (but they shall not be required to) enter into a separate agreement stating the terms of such separate Trust.

## ARTICLE IX

### MISCELLANEOUS

SECTION 9.1. <u>Laws Of New York To Govern</u>. This Agreement and the Trust hereby created shall be construed and regulated by the laws of the State of New York.

SECTION 9.2. <u>Titles And Headings Not To Control</u>. The titles to Articles and headings of Sections in this Agreement are placed herein for convenience of reference only and

in case of any conflict the text of this Agreement, rather than such titles or headings, shall control.

IN WITNESS WHEREOF, CITIBANK, N.A. has caused this Agreement to be executed by its duly authorized officers and its respective seals to be hereunto affixed as of the day and year first above written.

CITIBANK, N.A.
as Trust Settlor

By _____

STATE OF NEW YORK

COUNTY OF NEW YORK

On this _25th_ day of _May_ 19 _94_, before me came _Joel D. Ospa_ to me known, who, being by me duly sworn, did depose and say that he resides at _____; that he is _Trust Settlor_ of CITIBANK, N.A., the corporation described in and which executed the foregoing instrument; that he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said corporation, and that he signed his name thereto by like order.

_____
Notary Public

LAURIE ZELIGSON
Notary Public, State of New York
No. 31-4830098
Qualified in New York County
Commission Expires 8/31/95

CITIBANK, N.A., successor Trustee under the aforementioned AGREEMENT and DECLARATION OF TRUST dated December 29, 1952, hereby acknowledges receipt of this Fifth Declaration of Amendment and Restatement and consents thereto.

CITIBANK, N.A.
as Trustee

By _____

-38-

STATE OF NEW YORK

COUNTY OF NEW YORK

On this _14_ day of _June_ 19_94_, before me came _JOSEPH PALAMARA_ to me known, who, being by me duly sworn, did depose and say that he resides at _HAZLET, N. J._ ; that he is _VICE PRESIDENT_ of CITIBANK, N.A., the corporation described in and which executed the foregoing instrument; that he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said corporation, and that he signed his name thereto by like order.

Notary Public
Notary Public, State of New York
No. 03-3312560
Qualified in Bronx County
Commission Expires June 30, 1995

dk1-f:\dept\aan\plans\siptrust.94

-39-

# EXHIBIT 5

**TRUST AGREEMENT**

dated as of January 1, 2006

establishing the

**CITIGROUP 401(k) PLAN TRUST**

Under the Citigroup 401(k) Plan

# TABLE OF CONTENTS

**ARTICLE I**    ESTABLISHMENT OF TRUST AND DEFINITIONS ....................................... 2

    SECTION 1.1 ESTABLISHMENT OF TRUST.................................................................... 2
    SECTION 1.2 DEFINITIONS ......................................................................................... 2

**ARTICLE II**    GENERAL DUTIES OF THE PARTIES.............................................................. 4

    SECTION 2.1 GENERAL DUTIES OF THE COMPANY.................................................... 4
    SECTION 2.2 GENERAL DUTIES OF TRUSTEE ............................................................ 5

**ARTICLE III** ACCOUNTS - AUTHORITY OF COMPANY AND COMMITTEE ................... 6

    SECTION 3.1 –AUTHORITY AND DUTIES.................................................................... 6
    SECTION 3.2 EXCLUSIVE BENEFIT OF PARTICIPANTS AND BENEFICIARIES OF
            EMPLOYEES UNDER PLAN ................................................................. 7

**ARTICLE IV** INVESTMENT, ADMINISTRATION AND DISBURSEMENT OF TRUST FUND ........... 8

    SECTION 4.1 INVESTMENT OF TRUST FUND .............................................................. 8
    SECTION 4.2 DIRECTION OF INVESTMENT .............................................................. 11
    SECTION 4.3 ADMINISTRATIVE POWERS OF TRUSTEE............................................. 14
    SECTION 4.4 PAYMENTS AND DISTRIBUTIONS FROM TRUST .................................. 15
    SECTION 4.5 VOTING OF SECURITIES...................................................................... 16

**ARTICLE V**    FOR PROTECTION OF TRUSTEE.................................................................. 17

    SECTION 5.1 EVIDENCE OF ACTION BY COMPANY OR COMMITTEE........................ 17
    SECTION 5.2 CONSULTATION AND INDEMNIFICATION............................................ 18
    SECTION 5.3 MISCELLANEOUS ............................................................................... 19

**ARTICLE VI** TAXES, EXPENSES AND COMPENSATION OF TRUSTEE........................... 21

    SECTION 6.1 TAXES................................................................................................. 21
    SECTION 6.2 EXPENSES AND COMPENSATION......................................................... 21

**ARTICLE VII** SETTLEMENT OF ACCOUNTS — DETERMINATION OF INTERESTS UNDER
          TRUST............................................................................................... 22

    SECTION 7.1 SETTLEMENT OF ACCOUNTS OF TRUSTEE AND COMMITTEE................ 22
    SECTION 7.2 DETERMINATION OF INTERESTS UNDER PLAN OR IN TRUST ............... 23

**ARTICLE VIII     RESIGNATION AND REMOVAL OF TRUSTEE**....................................................... 25

    SECTION 8.1 RESIGNATION OF TRUSTEE ........................................................................ 25
    SECTION 8.2 REMOVAL OF TRUSTEE ............................................................................. 25
    SECTION 8.3 APPOINTMENT OF SUCCESSOR TRUSTEE ................................................... 25
    SECTION 8.4 TRANSFER OF FUND TO SUCCESSOR........................................................... 25

**ARTICLE IX  DURATION AND TERMINATION OF TRUST -- AMENDMENT** ...................................... 26

    SECTION 9.1 DURATION AND TERMINATION................................................................... 26
    SECTION 9.2 DISTRIBUTION UPON TERMINATION ........................................................... 26
    SECTION 9.3 AMENDMENT............................................................................................. 26

**ARTICLE X   MISCELLANEOUS** ........................................................................................... 28

    SECTION 10.1 STANDARD OF CARE; COMPLIANCE WITH LAW ........................................ 28
    SECTION 10.2 LAWS OF NEW YORK TO GOVERN ........................................................... 28
    SECTION 10.3 INTEREST IN TRUST; ASSIGNMENT............................................................ 28
    SECTION 10.4 TITLES AND HEADINGS NOT TO CONTROL ............................................... 28

# TRUST AGREEMENT

**AGREEMENT** made in New York, N.Y., as of January 1, 2006, by and between **CITIGROUP INC.,** a corporation, with its principal office at 75 Holly Hill Lane, Greenwich, CT 06830 ("Company"), and **CITIBANK, N.A.,** a national banking association, with an office at 111 Wall Street, New York, New York, 10043 (herein, as trustee of the Trust hereby created, called the "Trustee").

**WHEREAS,** the Company has adopted the Citigroup 401(k) Plan for the exclusive benefit of certain of its employees and the employees of its affiliates and subsidiaries, under which various separate or master trusts have been created; and

**WHEREAS,** the Company desires to amend and restate all prior trusts in their entirety so as to consolidate the assets of the Citigroup 401(k) Plan into this Trust.

**NOW, THEREFORE,** witnesseth that (a) the Trustee accepts the trust created hereby and covenants that it will hold all property which it may receive hereunder, IN TRUST, upon the terms and conditions hereinafter stated; and (b) the parties hereto agree as follows:

# ARTICLE I

## ESTABLISHMENT OF TRUST AND DEFINITIONS

### SECTION 1.1  Establishment of Trust.

The Company hereby establishes with the Trustee a Trust, known as the Citigroup 401(k) Plan Trust (the "Trust") for the exclusive purposes of providing benefits to employees of the Company or a Related Company (as defined below), and to the beneficiaries of such employees, under the Plan (as defined below) and defraying reasonable expenses of administering the Plan.  The Trust shall consist of such assets as may be transferred to the Trustee from any separate trust or other funding medium established under the Plan and such sums of money and such property acceptable to the Trustee as shall from time to time be paid or delivered to the Trustee in respect of the Plan, together with the income and gains thereon less payments and distributions therefrom. The Trust shall be maintained at all times as a domestic trust in the United States.

### SECTION 1.2  Definitions.

"**Administration Committee**" means the Plans Administration Committee established under the Plan to administer the Citigroup 401(k) Plan.

"**Beneficiary**" means the person or persons entitled to receive any benefits under the Plan in the event of a Participant's death.

"**Code**" means the Internal Revenue Code of 1986, as amended.

"**Collective Investment Fund**" means any collective, commingled or pooled trust fund consisting solely of assets of Qualified Plans or of a plan or governmental unit described in section 818(a) (6) of the Code.

"**Committee**" means the Investment Committee established by the Plan to control and manage Plan assets.

"**ERISA**" means the Employee Retirement Income Security Act of 1974, as amended.

2

"**Investment Manager**" means an investment manager within the meaning of Section 3(38) of ERISA and which is appointed by the Company under Section 4.2 to invest all or any part of the Trust Fund that constitutes "plan assets" of the Plan as defined in Section 3(38) of ERISA.

"**Trust Fund**" means the trust fund established by this Trust Agreement.

"**Participant**" means an employee who has met the requirements for participation in the Plan, and who has accrued benefits under the Plan which have not been distributed.

"**Plan**" means the Citigroup 401(k) Plan, as amended from time to time in accordance with its terms.

"**Qualified Plan**" means a retirement plan meeting the requirements of Sections 401(a) funded by a trust that is intended to be or has been determined by the Internal Revenue Service to be exempt from tax under section 501(a) of the Code.

"**Related Company**" means (a) any member of a controlled group of corporations in which the Company is a member, as defined in Section 414(b) of the Code; (b) any other trade or business under common control of or with the Company, as defined in Section 414(c) of the Code; (c) any member of an affiliated service group with the Company, as defined in Section 414(m) of the Code; and (d) any other entity required to be aggregated with the Company pursuant to regulations under Section 414(o) of the Code.

"**Trust**" means the trust established under this agreement, as noted above, and "**Trust Agreement**" refers to the terms of this agreement, as amended from time to time consistent with Article IX.

"**Trust Year**" means the 12 consecutive-month period beginning on January 1 and ending on the following December 31.

## ARTICLE II

## GENERAL DUTIES OF THE PARTIES

### SECTION 2.1  General Duties of the Company.

(a)  The Company shall provide evidence reasonably acceptable to the Trustee that the Plan has been determined to be a Qualified Plan.

(b)  The Company shall from time to time appoint (and, upon request by the Trustee, certify to the Trustee the names and specimen signatures of) the members of the Committee, which Committee shall have been granted the authority, as "named fiduciary" of the Plan, within the meaning of Section 402(a)(2) of ERISA, to appoint and remove Investment Managers, establish or remove investment funds, or to exercise any of the other powers granted to the Committee by this Trust Agreement.  The Company from time to time appoints (and, upon request by the Trustee, certify to the Trustee the names and specimen signatures of) the members of the Administration Committee, which committee is granted the authority, as "named fiduciary", of the Plan to administer the Plan and exercise the powers not specifically granted to the Committee under the Plan.  Either the Committee or the Administration Committee may delegate the powers and duties under this Trust Agreement to one or more Company employees to act on their behalf.

(c)  Where more than one committee may act as a Plan fiduciary, the Trustee shall not be responsible for determining which of such committees is the appropriate committee for giving a particular direction.  The Trustee shall be fully protected in relying on any direction without inquiring as to the scope of such committee's powers.

(d)  The Company shall make contributions to the Plan as the same may be appropriated by due corporate action in accordance with the applicable funding policy and method, which contributions may be in cash or in other property acceptable to the Trustee.  The Company or the Administration Committee (or their delegate or service provider) shall keep accurate books and records with respect to their respective employees who are Participants, including, without limitation, records as to the periods of employment, compensation and ages of such employees.

### SECTION 2.2  General Duties of Trustee.

The Trustee shall hold all property received and accepted by it hereunder, which, together with the income and gains therefrom and additions thereto, less payments and distributions therefrom shall constitute the Trust Fund. Except as otherwise hereinafter provided in accordance with proper direction and this Trust Agreement, the Trustee shall manage, invest and reinvest the Trust Fund, collect the income thereof, and make payments therefrom, all as hereinafter provided. The Trustee shall be responsible only for the property actually received and accepted by it hereunder. It shall have no duty or authority to compute any amount to be paid to it by the Company or by any participant in the Plan, or to bring any action or proceeding to enforce the collection from any such person of any contribution to the Trust.

# ARTICLE III

## ACCOUNTS -

## AUTHORITY OF COMPANY AND COMMITTEE

### SECTION 3.1 --Authority and Duties.

(a) The Trustee shall maintain a separate account reflecting each investment fund authorized under the Plan. Income, distributions and gains and losses with respect to the assets of any particular fund or grouping of assets held therein shall be reflected solely in the account of that fund or grouping.

(b) Assets shall be valued by the Trustee at their fair market values at the close of business on the last business day of each month, or, in the absence of readily ascertainable fair market values, at such fair values as the Trustee shall in good faith determine, in accordance with the Trustee's valuation policy attached hereto as Exhibit A. The Trustee may rely on valuations of nonmarketable assets furnished by outside advisors unless the Committee directs it otherwise, in which case it shall rely on such other valuation. The Trustee agrees that it shall provide the Committee with 30 days advance written notice of any change in its valuation policy.

(c) The Committee acknowledges that in order to comply with and perform its own obligations under this Trust Agreement, the Trustee will rely on the timely and accurate communication by any issuer of any insurance contract held as part of the Trust as herein provided, any Investment Manager maintaining any Collective Investment Fund in which assets of the Trust have been invested as herein provided, or any third parties sponsoring mutual funds or other pooled investment funds in which assets of the Trust have been invested pursuant to the written direction of the Committee. It is further understood and agreed that the Trustee, in the maintenance of its records hereunder, does not assume any responsibility for the accuracy of any information furnished by the Company, the Committee, any issuer of any insurance contract held as part of the Trust as herein provided, any Investment Manager maintaining any common, Collective Investment Fund in which assets of the Trust have been invested as herein provided, or any third parties sponsoring such mutual funds or other pooled investment funds in which any of the Investment Funds may be invested or any other person, firm or corporation.

6

**SECTION 3.2  Exclusive Benefit of Participants and Beneficiaries of Employees under Plan.**

Neither during the existence of nor upon the discontinuance of the Plan shall any part of the Trust be used for or diverted to purposes other than for the exclusive purpose of providing benefits to Participants and Beneficiaries and defraying reasonable expenses of administering the Trust and the Plan; provided, however, that:

(a)    the portion, if any, of the Trust Fund not required for the satisfaction of all liabilities to the Participants and the Beneficiaries of the Plan shall, upon termination of the Plan, revert to the Company and the Related Companies in accordance with the terms of the Plan and applicable law;

(b)    the contribution by the Company or any Related Company for the Plan is hereby conditioned upon its being deductible by the Company or a Related Company, as the case may be, for the fiscal year in which such contribution was made, and to the extent disallowed as a deduction under Section 404 of the Code, such contribution shall be returned by the Trustee to the Company or the Related Company within one year after the final disallowance of the deduction by the Internal Revenue Service or by a court of competent jurisdiction; and

(c)    a contribution by the Company, Related Company or a Participant to the Trust for the Plan by a mistake of fact shall be returned to the Company, the Related Company or the Participant in question, as the case may be, within one year after the date of payment of the contribution.

## ARTICLE IV

### INVESTMENT, ADMINISTRATION AND DISBURSEMENT OF TRUST FUND

#### SECTION 4.1  Investment of Trust Fund.

The Trust Fund may be invested, in accordance with the procedures prescribed by Section 4.2, in any property, real, personal or mixed, wherever situated, and whether or not productive of income or consisting of wasting assets, including, without limitation, common and preferred stocks, stock options, convertible stocks and securities, bonds, notes, debentures, other obligations such as certificates of deposit, commercial paper, bankers acceptances, and repurchase agreements (but not obligations of any Investment Manager appointed under Section 4.2), securities lending transactions, leaseholds, mortgages (including, without limitation, any collective or part interest in any bond and mortgage or note and mortgage), demand or time deposits (including, to the extent permitted by ERISA, any demand deposit of the Trustee), savings deposits, interests in investment funds, shares of investment companies and mutual funds, interests in partnerships and trusts, insurance policies and contracts, contracts and options on contracts for the immediate and future delivery of financial instruments and other property of any issuer, and oil, mineral or gas properties, royalties, interests or rights (including equipment pertaining thereto), without being limited to the classes of property in which trustees are authorized to invest trust funds by any law, or any rule of court, of any State and without regard to the proportion any such property may bear to the entire amount of the Trust Fund, and without regard to whether such property or investments are domestic or international in nature; provided, however, that investments shall be so diversified as to minimize the risk of large losses unless under the circumstances it is clearly prudent not to do so, in the sole judgment of the person who is directing the investment of that portion of such fund under the provisions of Section 4.2 or in the sole judgment of the Trustee to the extent that it is managing the Trust Fund under such provisions.

The Trustee shall be directed to invest any otherwise uninvested cash not necessary for payment of expenses of the Trust collectively with funds of other pension and profit-sharing trusts exempt from tax under Section 501(a) of the Code  by reason of qualifying under Section 401(a) of the Code either in short term obligations selected by the Committee or by investment collectively with such other funds through the medium of one or more of the investment funds of the Commingled Employee Benefit Trust

8

established and maintained by Citibank, N.A. (formerly First National City Bank) under a Declaration of Trust dated October 1, 1962, as amended from time to time, or through the medium of any other Collective Investment Fund which has been or may hereafter be established and maintained by Citibank, N.A., the instrument or instruments establishing such trust fund or funds, as amended from time to time, being made part of this Trust Agreement so long as any portion of the Trust Fund shall be invested through the medium thereof. With respect to any portion of the Trust Fund which is under the management of an Investment Manager as provided in Section 4.2, such Investment Manager may by written authorization delegate to the Trustee subject to the Trustee's consent, authority to invest any specified portion thereof, in the Trustee's sole discretion, in short term obligations, either separately or by investment collectively with such other funds, including and without limitation collective investment in short term obligations through the medium of one or more investment funds of said Commingled Employee Benefit Trust. Any such collective investment shall be managed by the Trustee in its sole discretion.

When either directed in accordance with the provisions of Section 4.2 or to the extent that it is managing the Trust Fund, the Trustee shall have power:

(a) To retain any property at any time received by the Trustee;

(b) To sell or exchange any property at public or private sale for cash or on credit and to grant options for the purchase or exchange thereof;

(c) To participate in any plan of reorganization, consolidation, merger, combination, liquidation or other similar plan relating to any property held in the Trust Fund, and to consent to or oppose any such plan or any action thereunder, or any contract, lease, mortgage, purchase, sale or other action by any person or corporation;

(d) To the extent permitted by applicable Federal law, to deposit any property with any protective, reorganization or similar committee, to delegate discretionary power thereto and to pay and agree to pay part of the expenses and compensation thereof and any assessments levied with respect to any property so deposited;

(e)  To exercise conversion and subscription rights pertaining to any property held in the Trust Fund;

(f)  To extend the time of payment of any obligation held in the Trust Fund;

(g)  To enter into stand-by agreements for future investment, either with or without a stand-by fee;

(h)  To hold uninvested, without liability for interest thereon, any monies received by the Trustee until the same shall be reinvested or disbursed;

(i)  For the purposes of the Trust, to borrow money from others, to issue its promissory note or notes therefor, and to secure the repayment thereof by pledging any property in its possession; provided, however, that no such loan or advance shall be made by the Trustee hereunder other than temporary advances to the Trust Fund, on a cash or overdraft basis;

(j)  On the written direction of the Committee the Trustee shall enter into an agreement or agreements with a designated insurance company or companies, in such form as may be specified by the Committee whereby from time to time a specified part of the Trust shall be liquidated and paid over to such insurance company or companies for the purpose of establishing one or more accounts to be held by the insurance company or companies for a specified term or terms at a fixed or variable rate of interest, and whereby the Trustee may from time to time upon written direction of the Committee withdraw from such account or accounts such amounts as may be specified by the Committee. Any such agreement shall constitute an asset of the Trust, but following the transfer of funds to the insurance company pursuant thereto, the Trustee shall have no responsibility with respect to the holding, investment or administration of such funds, nor any other obligation except to follow the written directions of the Committee with respect thereto;

(k)  If an Investment Manager is directing investment under Section 4.2, to transfer all or any specified assets in that part of the Trust Fund which is subject to such Investment Manager's direction to (A) any Collective Investment Fund that is maintained by such Investment Manager, an affiliate thereof or any other entity or (B) the custody of such Investment Manager; provided, however, that such Investment Manager (in the case of the preceding clause (A), or such Investment Manager, affiliate or

other entity, as the case may be, maintaining the Collective Investment Fund (in the case of the preceding clause (B)) is a "bank" as defined in the Investment Advisers Act of 1940, as amended, whereupon, in the case of the preceding clause (B), the instrument establishing the Collective Investment Fund, as amended from time to time, shall constitute a part of the Plan the assets of which are included in such part of the Trust as long as any portion of such assets shall be invested through the medium of the Collective Investment Fund;

(l)   To enter into custody agreements arranging for the assets held in Trust hereunder to be held by third party custodians, provided that any such custodian is a "bank" as defined in the Investment Advisers Act of 1940, as amended;

(m)   Notwithstanding any other provision hereof, the Trustee shall have power in its discretion to lend any securities held from time to time in the Trust, provided the Committee shall have authorized in writing, consistent with ERISA or other relevant law, the arrangements for any fees payable to the Trustee for ancillary services, if any, to be provided by the Trustee; and

(n)   The Company in its sole discretion may direct the Trustee in writing (i) to cause the Trust to participate in designated dividend reinvestment plans ("Designated DRIPs") of corporations whose shares are held in the Trust Fund by exercising the Trust's rights to receive shares of such corporations at a discount from the market price in lieu of cash dividends and (ii) to sell the shares so acquired, or an equivalent number of similar shares already held in the Trust, at such market price.   The Company authorizes and directs the Trustee, and the Trustee agrees, to execute on behalf of the Trust such agreements and other documents as are reasonably necessary to effect the purposes of this Section (including, but not limited to, exercising the rights of the Trust to participate in the Designated DRIPs).

### SECTION 4.2  Direction of Investment.

The Committee shall from time to time specify by written notice to the Trustee whether the investment of the Trust Fund, in the manner provided in Section 4.1, shall be managed by the Committee, shall be directed by one or more investment managers ("Investment Managers") appointed by the Committee, invested in mutual funds or other separate investment funds as directed by the participants or the Committee, or a combination of these.   In each case the Committee shall specify how the investment

responsibility is to be divided with respect to assets, classes of assets or sub-funds specified and defined in such notice.

In the event that the Committee shall fail to specify pursuant to this Section the person or persons who are to manage the investment of the Trust or any portion thereof, the Trustee shall promptly give notice of this fact to the Committee and shall invest the Trust or such portion solely in short term obligations, either separately or by investment collectively to the extent described in Section 4.1, until the Committee shall specify such person or persons as provided herein.

(a)    If investment of the Trust is to be directed in whole or in part by an Investment Manager, the Trustee shall be given satisfactory evidence of proper appointment of the Investment Manager and written confirmation from the Investment Manager evidencing his acceptance of such appointment and acknowledgment that he is a fiduciary of the Plan, and evidencing the Investment Manager's registration under the Investment Advisors Act of 1940, as amended, or status as a bank or insurance company. The Trustee may continue to rely upon such instruments and certificate until otherwise notified in writing by the Committee.

The Trustee shall follow the directions of an Investment Manager regarding the investment and reinvestment of the Trust Fund, or such portion thereof as shall be under management by the Investment Manager, and shall be under no duty or obligation to review any investment to be acquired, held or disposed of pursuant to such directions nor to make any recommendations with respect to the disposition or continued retention of any such investment.

The Investment Manager at any time and from time to time may issue orders for the purchase or sale of securities or other investments directly to a broker. In order to facilitate such transactions, the Trustee, upon direction by the Investment Manager, shall execute and deliver appropriate trading authorizations; provided, however, that the Trustee may require evidence that all risks associated with such purchase or sale of securities or other investments by the Investment Manager are acknowledged by the Company and the Investment Manager. Written notification of the issuance of each such order shall be given promptly to the Trustee by the Investment Manager. Such notification shall be authority for the Trustee to pay for securities purchased against receipt thereof and to deliver securities sold against payment therefor, as the case may be. The Trustee is also authorized to execute and deliver appropriate

12

trading authorizations when notified by the Investment Manager by other means of communication mutually agreed upon by the Trustee and the Investment Manager.

In the event that an Investment Manager should resign or be removed by the Committee or such other persons as are authorized under the Plans to do so, the Trustee shall, upon receiving written notice of such resignation or removal, be directed by the Committee in accordance with Section 4.2(b) to invest the portion of the Trust Fund under management by such Investment Manager at the time of its resignation or removal, unless and until the Trustee shall be notified of the appointment of another Investment Manager, as provided in this Section, for such portion of such fund.

The Investment Manager shall not without the written consent of the Trustee direct the Trustee to acquire any real property, any interest relating to real property, or any oil, mineral or gas properties, interests or rights, unless the Investment Manager shall undertake in writing the responsibility for exercising with respect thereto the powers enumerated in Section 4.3 (e).

(b)    The Committee shall have the authority to direct the investment, in the manner provided by Section 4.1, of all or a portion of the Trust Fund. In any case where the Committee is so acting it shall have the same rights and responsibilities that would have been accorded an Investment Manager acting in accordance with this Article IV.

(c)    To the extent that all or part of the assets of the Trust are to be invested according to the instructions of Plan participants, in accordance with the Plan and ERISA section 404(c), the Trustee shall invest those assets in accordance with such instructions, consistent with the investment choices and investment direction procedures authorized or prescribed by the Committee or the Administration Committee (including direction on behalf of the participants by the Committee or the delegated administrator of participant accounts). Subject to the regulations issued pursuant to ERISA Section 404(c), or any applicable law, the Trustee shall be under no duty or obligation to review any investment to be acquired, held or disposed of pursuant to such directions, or to review any non-trustee related fees associated therewith, nor to make any recommendations with respect to the disposition or continued retention of any such investment, or to evaluate the performance of such investment, and the Trustee shall be fully protected in acting in accordance with such directions or for failing to act in the absence of such directions. In any case where participant direction is in effect, the Committee shall exercise on behalf of

the participants, in a manner consistent with the Plan and procedures prescribed by the Committee and the Administration Committee for the exercise or pass through of participant information and rights, the same rights and responsibilities that would have been accorded an Investment Manager acting in accordance with this Article IV.

### SECTION 4.3  Administrative Powers of Trustee.

The Trustee shall have power in its discretion:

(a)  To cause any investment to be registered and held in the name of one or more of its nominees or its custodian's nominees, or to be held by and registered in the name of one or more nominees of any system for the central handling of securities, without increase or decrease of liability;

(b)  To collect and receive any and all money and other property due to the Trust Fund and to give full discharge therefor;

(c)  To settle, compromise or submit to arbitration any claims, debts or damages due or owing to or from the Trust; to commence or defend suits or legal proceedings to protect any interest of the Trust; and to represent the Trust in all suits or legal proceedings in any court or before any other body or tribunal;

(d)  To organize under the laws of any state a corporation for the purpose of acquiring and holding title to any property which it is authorized to acquire under this Trust Agreement and to exercise with respect thereto any or all of the powers set forth in this Trust Agreement;

(e)  Subject to the last sentence of Section 4.2 (a), to manage, operate, repair, improve, develop, preserve, mortgage or lease for any period any real property or any oil, mineral or gas properties, royalties, interests or rights held by it directly or through any corporation, either alone or by joining with others, using other Trust fund assets for any such purposes; to modify, extend, renew, waive or otherwise adjust any or all of the provisions of any such mortgage or lease; and to make provisions for amortization of the investment in or depreciation of the value of such property;

(f)  To appoint ancillary or subordinate trustees or custodians who may, among other things, hold title to, or other indications of ownership of, property of the Trust in those jurisdictions, domestic or foreign, in which the Trustee is not authorized to do business and to define the scope of responsibilities of each such ancillary or subordinate trustee or custodian; provided, however, that the appointment of any such ancillary or subordinate trustees or custodians and the arrangements in connection therewith shall be consistent with 29 C.F.R. § 2550.404(a)(2)(ii)(A) or (C), and in the latter case, the provisions of Section

5.2(b)(ii) and the last paragraph of Section 5.3 shall be inapplicable to any such ancillary or subordinate trustee or custodian;

(g)  The Trustee shall be directed to utilize the services of such central securities depositories (including nominees of any such depository) as the Trustee or its custodian has determined, given prevailing market practices and market procedures, shall exercise reasonable care in maintaining the assets of the Trust Fund;

(h)  To the extent not prohibited by applicable law, the Company authorizes the transfer of any information relating to the Company to and between the branches, subsidiaries, representative offices, affiliates and agents of the Trustee and third parties selected by any of them, wherever situated, for confidential use in connection with the provision of products or services to the Company (including for data processing purposes), and further acknowledges that any such branch, representative office, affiliate agent or third party shall be entitled to transfer any such information as required by any law, court, regulator or legal process; and

(i)  Generally to do all acts, whether or not expressly authorized, which the Trustee may deem necessary or desirable for the protection of the Trust.

### SECTION 4.4  Payments and Distributions from Trust.

The Trustee shall make such payments and distributions from the Trust at such time or times and to such person or persons, including a paying agent or agents designated by the Administration Committee , as the Administration Committee shall direct in writing.  Upon written direction by the Committee or the Administration Committee, the Trustee shall transfer and deliver such part of the Trust as may be specified in such direction to any other trust established for the purpose of funding benefits under the Plan or under any other Qualified Plan established for the benefit of Participants or their Beneficiaries by the Company, any Related Company or any successor or transferee of the Company or Related Company; provided such transfer shall be in conformity with the requirements of Federal law. Any written direction of the Committee or the Administration Committee shall constitute a certification that the distribution or payment so directed is one which the applicable committee is authorized to direct

and the Trustee shall not be responsible for the adequacy of the equitable share of the Plan to meet and discharge any distribution or payment obligation.

The Trustee may make any distribution or payment required to be made by it hereunder by mailing its check for the specified amount, or delivering the specified property, to the person to whom such distribution or payment is to be made in accordance with the direction of the Administration Committee (or the Committee) or by transferring funds to such person's account by bank wire or transfer.

### SECTION 4.5  Voting of Securities.

At any time when an Investment Manager shall be acting as provided in Section 4.2, the Trustee shall send to such Investment Manager all proxies and proxy materials relating to such securities, signed by the Trustee without indication of voting preference, and the Investment Manager shall exercise all voting rights with respect thereto. The Committee may notify the Trustee in writing that the Committee or another person (other than the Trustee) designated in such notice is to exercise the voting rights which would otherwise be exercised by an Investment Manager hereunder, in which event the Trustee shall, so long as such notice remains in effect, send to the Committee or such other person all notices of meetings and all proxies and proxy material relating to the securities held in the Trust Fund, signed without indication of voting preference, and the Committee or such other person shall be responsible for coordinating the exercise of all voting rights with respect to such securities. The foregoing procedure shall also apply in any instance where there is no Investment Manager acting.

## ARTICLE V

### FOR PROTECTION OF TRUSTEE

**_SECTION 5.1  Evidence of Action by Company or Committee._**

The Committee shall certify to the Trustee the name or names of any person or persons authorized to act for the Committee. The Administration Committee shall certify to the Trustee the name or names of any person or persons authorized to act for the Administration Committee. Until a committee notifies the Trustee that any such person is no longer authorized to act for the committee, the Trustee may continue to rely on the authority of such person. The Committee shall provide notice of the appointment of any Investment Manager and shall certify to the Trustee or ensure that the proper individual acting for the Investment Manager provides the names of the persons authorized to act on behalf of the Investment Manager.

The Trustee may rely upon any certificate, notice or direction purporting to have been signed on behalf of the Committee or the Administration Committee which the Trustee reasonably believes to have been signed by the Committee or the person or persons authorized to act for the Committee or for the Administration Committee. The Trustee may rely upon any certificate, notice or direction of the Company or of a Related Company which the Trustee reasonably believes to have been signed by a duly authorized officer or agent of the Company or, in the case of a Related Company, by a duly authorized officer or agent of such Related Company.

Communications to the Trustee shall be sent to the Trustee's office stated above or to such other address as the Trustee may specify in writing. No communication shall be binding upon the Trust or the Trustee until it is received by the Trustee.

Communications to the Committee or to the Company or any Related Company shall be sent in care of the Chief Investment Officer, Citigroup 401(k) Plan, 425 Park Avenue, 4th floor, New York, NY 10022 or to such other address as the Company may specify in writing.

Communications to the Administration Committee shall be sent in care of Corporate Benefits, 125 Broad Street, 8th floor, New York, NY 10002 or to such other address as the Administration Committee may specify in writing.

### SECTION 5.2  Consultation  and Indemnification.

(a)    The Trustee may consult with its counsel and the Trustee shall not be deemed imprudent by reason of its taking or refraining from taking any action in accordance with the opinion of counsel. The Company agrees, to the extent permitted by law, to indemnify and hold the Trustee and Trust Fund harmless from and against any loss, liability or expense including reasonable attorney's fees that arise in connection with any acts taken or omitted in accordance with proper directions or advice of counsel (or failure to act, in the absence of such directions or advice) directions or advice of the Company, Related Company, the Committee or the Administration Committee, Investment Manager, or any other person designated to act on their behalf and that the Trustee may incur in the administration of the Trust Fund, or any acts otherwise taken or omitted carrying out its duties as Trustee under the Trust Agreement, including, without limitation, instructions transmitted orally, by telephone, telex, facsimile transmission or any other means agreed to between such other person instructing the Trustee hereunder unless arising from the Trustee's own negligence or willful misconduct. Until the Trustee is notified that any person is no longer authorized to act, the Trustee may continue to rely on the authority or any such person. The costs and expenses of enforcing the above-referenced right of indemnification shall be paid by the Company. All releases and indemnities provided herein shall survive termination of this Trust Agreement.

(b)    The Trustee shall not be liable for (i) special, consequential or indirect damages, lost profits of loss of business, (ii) any liability incurred as a result of the actions or inactions of any third party agents of Trustee (including, without limitation, any depositories such as The Depository Trust Company and The Participants Trust Company, any clearing agencies, pricing agencies, or proxy services), (iii) any loss arising out of any suspension of the Trustee's duties and obligation hereunder as a result of any law, regulation, decree, order or governmental act which prevents or limits the performance of such duties and obligations and (iv) subject to the Trustee's implementation of commercially reasonable disaster recovery procedures, any loss arising out of any reason, cause or contingency beyond

19

the Trustee's reasonable control, including (without limitation) natural disasters, market infrastructure, nationalization, currency restrictions, act of war, act of terrorism, act of God, postal or other strikes or industrial actions, or the failure, suspension or disruption of any relevant stock exchange, clearance system or market.

### SECTION 5.3 Miscellaneous.

The Trustee shall discharge its duties hereunder with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of any enterprise of a like character and with like aims.  The Trustee shall not be liable for any loss sustained by the Trust Fund by reason of the purchase, retention, sale or exchange of any investment in good faith and in accordance with the provisions of this Trust Agreement and of any applicable Federal law.

The Trustee's duties and obligations shall be limited to those expressly imposed upon it by this Trust Agreement, notwithstanding any reference to the Plan.

The Company, a Related Company, the Committee, or all of these at any time may employ as agent (to perform any act, keep any records or accounts, or make any computations required by this Trust Agreement or the Plan) the corporation serving as Trustee hereunder.  Nothing done by said corporation as such agent shall affect its responsibility or liability as Trustee hereunder.

The Trustee shall be under no obligation to exercise any of the rights or powers vested in it by this Trust Agreement at the request or direction of the Company, the Committee or any Investment Manager appointed pursuant to this Trust Agreement, unless the Company shall have offered to the Trustee reasonable security or indemnity against the costs, expenses and liabilities which might be incurred by it in compliance with such request or direction.

The Trustee may execute any of the trusts or powers hereunder or perform any duties hereunder either directly or by or through agents or attorneys and the Trustee shall not be responsible for any misconduct or negligence on the part of any agent or attorney appointed and supervised with due care by it hereunder; provided however, the Trustee shall be responsible for the negligence of any such agent or attorney that is its affiliate, branch or subsidiary.

# ARTICLE VI

## TAXES, EXPENSES AND COMPENSATION OF TRUSTEE

### SECTION 6.1  Taxes.

Upon written direction of the Company, the Trustee shall deduct from and charge against the Trust Fund any taxes on the Trust Fund or the income thereof on which the Trustee is required to pay with respect to the interest of any person therein, provided, however, that the Company shall be required to provide the Trustee with all information necessary for the Trustee to accept this responsibility. The Trustee shall be fully protected in acting upon, or failing to act in the absence of, such direction and/or provision of such information.

### SECTION 6.2  Expenses and Compensation.

The Company shall pay the Trustee reasonable compensation for its services as Trustee hereunder and shall reimburse the Trustee for the its reasonable expenses of management and administration of the Trust, including reasonable compensation of counsel and any agents engaged by the Trustee to assist it in such management and administration. When so directed by the Committee or Administration Committee, the Trustee shall pay from the Trust Fund the fees of any Investment Manager and any specified expenses of administration of the Plan, including, but not limited to, actuarial fees. In no event shall the Trustee be entitled to pay any compensation to itself from the assets of the Trust Fund.

Any amount paid from the Trust Fund which is specifically allocable to a particular account, sub-account or sub-fund shall be charged against that account, sub-account or sub-fund; any amount paid from the Trust which is allocable to all of the accounts or funds shall be charged against the Trust Fund as a whole.

# ARTICLE VII

## SETTLEMENT OF ACCOUNTS --
## DETERMINATION OF INTERESTS UNDER TRUST

### SECTION 7.1  Settlement of Accounts of Trustee and Committee.

The Trustee shall keep full accounts of all of its receipts and disbursements.  Its financial statements, books and records with respect to the Trust shall be open to inspection at all reasonable times during business hours of the Trustee and subject to such reasonable procedures as it deems necessary by the Company or the Committee or their representatives, including, without limitation, independent certified public accountants engaged by the Company or the Committee, to permit compliance with the reporting and disclosure requirements of ERISA.  However, such financial statements, books and records may not be audited more frequently than once in each fiscal year.  If an examination of the financial statements of the Plan requires a review of the underlying transactions affecting such financial statements, such independent certified public accountants shall rely on the report of the independent certified public accountants engaged by the Trustee to review its procedures and controls, to the extent such reliance is permitted by generally accepted auditing standards.

Within 90 days after the close of each year, or after any termination of the duties of the Trustee, the Trustee shall prepare and mail in duplicate to the Company and the Committee an account of its acts and transactions as Trustee hereunder.  Such account shall include a statement of the portion of the Trust under management by any Investment Manager as of the same date.  If the Company finds the account to be correct, the Company shall sign the instrument of settlement annexed to one counterpart of the account and return such counterpart to the Trustee, where upon the account shall become an account stated.  If within 90 days after receipt of the account or any amended account the Company has not signed and returned a counterpart to the Trustee, nor filed with the Trustee notice of any objection to any act or transaction of the Trustee, the account or amended account shall become an account stated.  If any objection has been filed, and if the Company is satisfied that it should be withdrawn or if the account is adjusted to its satisfaction, the Company shall in writing file with the Trustee signify its approval of the account and it shall become an account stated.  In each case in which an account becomes an account

stated, the account shall be an account stated between the Trustee and the Company and any Related Company.

When an account becomes an account stated, such account shall be finally settled, and the Trustee shall be completely discharged and released, as if such account had been settled and allowed by a judgment or decree of a court of competent jurisdiction in an action or proceeding in which the Trustee, the Company and any Related Company were parties.

The account of the Trustee's acts and transactions delivered to the Committee shall be settled, and shall become an account stated, in the same manner as the account delivered to the Company hereunder. When an account becomes an account stated as between the Trustee and the Committee, the account shall be finally settled and the Trustee shall be completely discharged and released, as if such account had been settled and allowed by a judgment or decree of a court of competent jurisdiction in an action or proceeding in which the Trustee and the Committee were parties.

The Trustee, the Committee or the Company shall have the right to apply at any time to a court of competent jurisdiction for judicial settlement of any account of the Trustee not previously settled as hereinabove provided. In any such action or proceeding it shall be necessary to join as parties only the Trustee, the Committee and the Company (although the Trustee may also join such other parties as it may deem appropriate), and any judgment or decree entered therein shall be conclusive.

Notwithstanding the foregoing, the fact that an account has become an account stated shall not discharge the Trustee as to any matter set forth in such account that relates to or is attributable to the Trustee's negligence, willful misconduct, or fraud in carrying out the responsibilities specifically allocated to it under the terms of this Trust Agreement or with respect to any such account to which the Committee files a specific written objection with the Trustee within the ninety (90) day period described above.

### SECTION 7.2 Determination of Interests under Plan or in Trust.

The Administration Committee shall have authority to determine the interests of all persons in the Trust and shall have the authority, to the extent such authority has not been granted to another appropriate Plan committee, to determine the interest of all persons under the Plan, and the Trustee shall

have no duty to question any direction given by the Committee or the appropriate Plan committee to the Trustee.

# ARTICLE VIII

## RESIGNATION AND REMOVAL OF TRUSTEE

### SECTION 8.1  Resignation of Trustee.

The Trustee may resign at any time by filing with the Company or the Committee its written resignation.  Such resignation shall take effect 60 days from the date of such filing or upon appointment of a successor pursuant to Section 8.3, whichever shall first occur.

### SECTION 8.2  Removal of Trustee.

The board of directors of the Company or the Committee may remove the Trustee at any time by delivering to the Trustee a written notice of its removal and of appointment of a successor pursuant to Section 8.3.  Such removal shall not take effect prior to 60 days from such delivery unless the Trustee agrees to an earlier effective date.

### SECTION 8.3  Appointment of Successor Trustee.

The appointment of a successor to the Trustee shall take effect upon delivery to the Trustee of (a) an instrument in writing appointing such successor, executed by the Company or on behalf of the Committee, and (b) and an acceptance in writing, executed by such successor, both acknowledged in the same form as this Trust Agreement.  All of the provisions set forth herein with respect to the Trustee shall relate to each successor with the same force and effect as if such successor had been originally named as trustee hereunder, except as agreed to in writing by the successor.

If a successor is not appointed within 60 days after the Trustee gives notice of its resignation pursuant to Section 8.1, the Trustee or the Committee may apply to any court of competent jurisdiction for appointment of a successor.

### SECTION 8.4  Transfer of Fund to Successor.

Upon the resignation or removal of the Trustee and appointment of a successor, and after the final account of the Trustee has been settled as provided in Article VII, the Trustee shall transfer and deliver the Trust Fund to such successor.

# ARTICLE IX

## DURATION AND TERMINATION OF TRUST — AMENDMENT

### SECTION 9.1  Duration and Termination.

This Trust shall continue for such time as may be necessary to accomplish the purpose for which it was created but may be terminated at any time by the Company by action of its board of directors or the Committee. Notice of such termination shall be given to the Trustee by an instrument in writing executed by the Company or on behalf of the Committee and acknowledged in the same form as this Trust Agreement, together with a certified copy of the resolution of the board of directors of the Company or the Committee authorizing such termination.

### SECTION 9.2  Distribution upon Termination.

If this Trust is terminated, the Trustee upon the written direction of the Committee shall liquidate the Trust Fund to the extent required for distribution and, after its final account has been settled as provided in Article VII, shall distribute the net balance thereof to such person or persons, at such time or times and in such proportions and manner as may be directed by the Committee, or in the absence of such direction, as may be directed by a judgment or decree of a court of competent jurisdiction. If upon termination of the Trust, after satisfaction of all liabilities with respect to Participants and their Beneficiaries, assets remain in the  such excess shall be applied for the payment of Plan expenses, distributed to the employer or employers maintaining the Plan or otherwise applied or allocated and distributed at the written direction of the Committee. Upon making such distributions, the Trustee shall be relieved from all further liability. The powers of the Trustee hereunder shall continue so long as any assets of the Trust remain in its hands.

### SECTION 9.3  Amendment.

By an instrument in writing delivered to the Trustee executed pursuant to the order of the Company's board of directors (or its delegate) or the Committee and acknowledged in the same form as this Trust Agreement, the Company or the Committee shall have the right at any time and from time to

time to amend this Trust Agreement in whole or in part except that the duties and responsibilities of the Trustee shall not be increased without Trustee's written consent; provided, however, that no such amendment shall authorize or permit, at any time prior to the satisfaction of all liabilities with respect to Participants and their Beneficiaries under the Plan, any part of the the Trust Fund to be used for or diverted to any purposes other than the exclusive benefit of such Participants or their Beneficiaries (including the payment of Plan expenses).

The Company shall send a copy of any Trust amendment it adopts to the Committee. Any amendment shall become effective upon (a) delivery to the Trustee of the written instrument of amendment, together with a certified copy of the resolution of the board of directors or the Committee authorizing such amendment, and (b) endorsement by the Trustee on such instrument of its receipt thereof, together with its consent thereto if such consent is required.

# ARTICLE X

## MISCELLANEOUS

### SECTION 10.1  Standard of Care; Compliance with Law.

In performing the duties specifically assigned to it hereunder, the Trustee shall exercise the standard of care required of an ERISA fiduciary and shall comply with all Federal, State and local laws applicable to its performance, including, without limitation, ERISA.

### SECTION 10.2  Laws of New York to Govern

This Trust Agreement and the Trust hereby created shall be construed and regulated by the laws of the State of New York, without giving effect to the conflicts of law principles, and except as may otherwise be required by ERISA.

### SECTION 10.3  Interest in Trust; Assignment.

No document shall be issued evidencing any interest in the Trust or in the Trust Fund, and neither the Plan nor any of its participants or beneficiaries shall have the power to assign all or any part of the the Trust Fund or of any interest therein.

### SECTION 10.4  Titles and Headings Not to Control.

The titles to Articles and headings of Sections in this Trust Agreement are placed herein for convenience of reference only and in case of any conflict the text of this Trust Agreement, rather than such titles or headings, shall control.

IN WITNESS WHEREOF, the Company and Citibank, N.A. have caused this Trust Agreement to be executed by their duly authorized officers and their respective seals to be hereunto affixed as of the day and year first above written.

[Seal]
Attest:

_____

[Seal]
Attest:

_____

CITIGROUP INC.

By: _____

CITIBANK, N.A.

By: _____
SANDRA A. SYLVESTER
Vice President
Citibank, N.A.

STATE OF _New York_            )
                              : Ss.:
COUNTY OF _New York_          )

On this _20th_ day of _December_ , 20_06_ , before me came _Michael Schlein_ , to me known, who, being by me duly sworn, did depose and say that she/he resides at _90 West Broadway, New York, NY_ ; that she/he is _Sr VP of HR_ of Citigroup Inc._____; the corporation described in and which executed the foregoing instrument; that she/he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the board of directors of said corporation, and that she/he signed his/her name thereto by like order.

_Joann D. McGrath_
Notary Public

JOANN D. McGRATH
Notary Public State of New York
No. 31-4895978
Qualified in New York County
Commission Expires May 4, 18 2011

STATE OF _New York_            )
                              : ss.:
COUNTY OF _New York_          )

On this _26th_ day of _December_ , 20_06_ , before me came _Stephen A. Sylvester_ , to me known, who, being by me duly sworn, did depose and say that she/he resides at _470 W. 24th St., N.Y., N.Y._ ; that she/he is _Vice President_ of Citibank, N.A._____ ; the corporation described in and which executed the foregoing instrument; that she/he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the board of directors of said corporation, and that she/he signed his/her name thereto by like order.

_Judith McGee_
Notary Public

JUDITH McGEE
Notary Public, State of New York
No. 01MC4890022
Qualified in New York County
Commission Expires Apr. 27, 2007

31

# EXHIBIT 6

# CITIGROUP PLAN NEWS

**FOR U.S. AND EXPATRIATE STAFF EMPLOYEES**    OCTOBER 2002

# CHANGE IS AROUND THE CORNER.

In April 2003, the Citigroup 401(k) Plan will change its fund lineup to eliminate funds with the same objectives and add others that represent asset classes previously unavailable in the plan.

The Citigroup Investment Committee chose four new funds, listed below, to fill in the gaps in the current fund offerings. The Investment Committee is responsible for selecting the fund offerings in the Citigroup 401(k) Plan, with the exception of the Citigroup Common Stock Fund.

**The four funds that will be added are:**
- Citi Institutional Liquid Reserves Fund;
- Smith Barney Fundamental Value Fund;
- Smith Barney Small Cap Value Fund; and
- Wasatch Small Cap Growth Fund.

At the same time, 10 funds (listed below) will be eliminated. (Six of these 10 funds are already closed to new participants and/or new contributions.)

> **PROSPECTUSES AND RATES OF RETURN FOR THE NEW FUNDS WILL BE DISTRIBUTED ALONG WITH OTHER INFORMATION IN FEBRUARY 2003 TO HELP YOU TO DETERMINE WHICH FUNDS (OR SET OF FUNDS) ARE BEST FOR YOU.**

## What you can do now

Beginning immediately, you can — but do not have to — transfer money from the funds that will be eliminated into any other plan fund(s). If, by 4 p.m. Eastern time April 17, you don't transfer your money from the funds that will be eliminated, any balances in those funds will automatically be mapped according to the chart below.

## Funds to be eliminated and fund mapping

| If you have a balance in any of these funds: | These are the mapped to Fund will be: |
|---|---|
| Smith Barney Money Funds Cash Portfolio Fund | Citi Institutional Liquid Reserves Fund |
| Smith Barney Diversified Strategic Income Fund | Fixed-Income Securities Fund |
| Smith Barney Large Cap Value Fund | Salomon Brothers Investors Value Fund |
| Smith Barney International All Cap Growth Fund | EuroPacific Growth Fund |
| Van Kampen American Capital Emerging Growth Fund | Smith Barney Aggressive Growth Fund |
| Van Kampen American Capital Enterprise Fund | Smith Barney Large Cap Growth Fund |
| Van Kampen American Capital Comstock Fund | Smith Barney Fundamental Value Fund |
| Van Kampen American Capital Government Securities Fund | Smith Barney Government Securities Fund |
| Salomon Brothers Institutional Money Market Fund | Citi Institutional Liquid Reserves Fund |
| American Express Common Stock Fund | Citi Institutional Liquid Reserves Fund |

## Plan blackout period

From 4 p.m. ET Thursday, April 17 to 6 a.m. ET Monday, April 21, you won't be permitted to make any 401(k) plan transactions while the plan record-keeper transfers funds and reconciles participant accounts. **Note:** The stock market is closed April 18 for Good Friday.

## What you can do beginning April 21, 2003

Beginning April 21, you can:
- Transfer money into any of the new funds.
- Arrange for contributions from your pay to be deposited into any of the new funds.

## Rollovers

Beginning April 21, rollover checks designated to be deposited in any of the funds listed on the left side of the chart on the reverse automatically will be deposited into the funds on the right.

## Contributions and loan repayments

Beginning with the April 30 payroll, any payroll contributions and/or loan repayments made to the funds listed on the left side of the chart on the reverse automatically will be deposited into the funds on the right.

## Note about the TAP funds

The TAP.A and TAP.B funds also will be eliminated but at a later date. Any balances remaining in the TAP funds as of 4 p.m. ET August 22, 2003, will be transferred to the Citi Institutional Liquid Reserves Fund.

## How to contact the plan

You can contact the Citigroup 401(k) Plan online or by telephone.

**Online**
Visit the plan 24 hours a day at http://mybenefits.csplans.com.

**By telephone**
Call ConnectOne at 1-800-881-3938. From the main menu, choose the 401(k) plan option and follow the prompts.

**From outside the United States**
- If you're an employee of Travelers Life & Annuity or the CitiStreet Retirement Services Division, call 860-422-4616.

- If you're an employee of any other U.S. Citigroup business, call 972-652-4582.

For text telephone service call 1-877-245-2985.

Representatives are available from 8 a.m. to 8 p.m. ET on weekdays, except New York Stock Exchange holidays. The voice response unit is available from 6 a.m. to 11:45 p.m. ET daily.

If you're an expatriate employee working either in or outside the United States, call 972-652-4582.

---

The Citigroup 401(k) Plan is intended to be a vehicle to invest for retirement. Use of any plan funds for short-term trading or speculation by any participant is discouraged. Citigroup retains the right to impose restrictions on the use of plan funds to prevent or stop such practices. If you're subject to preclearance procedures, remember these procedures also are applicable to any transactions in the Citigroup Common Stock Fund and TAP.A and TAP.B funds.

This newsletter is neither a contract nor a guarantee of continued employment for any definite period of time. Your employment is always on an at-will basis.

Citigroup reserves the right to change or to discontinue any part or all of the benefits coverage or any fund offering described here at any time. In the event of a conflict between this newsletter and the official plan documents, the official plan documents will control.



115718 10/02
CITIQ302TERM