**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

LLOYD K. GARRISON (1946-1991)
RANDOLPH E. PAUL (1946-1956)
SIMON H. RIFKIND (1950-1995)
LOUIS S. WEISS (1927-1950)
JOHN F. WHARTON (1927-1977)

UNIT 3601, OFFICE TOWER A, BEIJING FORTUNE PLAZA
NO. 7 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U.K.
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
212-373-3215

WRITER'S DIRECT FACSIMILE
212-492-0215

WRITER'S DIRECT E-MAIL ADDRESS
lclayton@paulweiss.com

[Attorney roster omitted]

*NOT ADMITTED TO THE NEW YORK BAR

October 13, 2017

**VIA ECF**

The Honorable Sidney H. Stein
United States District Court
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

  *Leber* v. *The Citigroup 401(k) Plan Investment Committee*, No. 07 Civ. 9329 (SHS)

Dear Judge Stein:

  We represent defendants in this ERISA action.  We write in response to plaintiffs' letter calling the Court's attention to *Moreno* v. *Deutsche Bank Americas Holding Corp.*, No. 15-9936, 2017 WL 3868803 (S.D.N.Y. Sept. 5, 2017). (Dkt. No. 263).

  Plaintiffs continue to ignore the Second Circuit's decision in *Taveras*, which requires a participant in a defined contribution plan, like the 401(k) Plan at issue here, to have invested in the investment option at issue, and suffered injury to her individual account, in order to have constitutional standing.  *Taveras* v. *UBS AG*, 612 F. App'x 27, 29 (2d Cir. 2015).  *Moreno*, like the other cases submitted by plaintiffs, does not address *Taveras* at all.  Plaintiffs have failed to come up with any precedent calling into doubt our showing that *Taveras* applies here.  (*See* Dkt. No. 233 at 10–13).

  Moreover, unlike here, the plaintiffs in *Moreno* brought claims as to the entire plan.  They alleged that the defendants:  (1) mismanaged the plan by favoring high-

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

cost proprietary funds and violating the plan's investment policies regarding poorly performing investment options, (2) failed to minimize investment management expenses for both proprietary and non-proprietary funds, and (3) failed to control recordkeeping expenses for the plan.  2017 WL 3868803 at *2–*3.  The court reasoned that the overall process for managing the plan, both with regard to the plan menu and the excessive recordkeeping fees, implicated the same set of concerns.  *Id.* at *10.  Here, plaintiffs allege an injury based on management fees associated with a few specific investment options, among the many options—both affiliated and non-affiliated—offered by the Citigroup 401(k) Plan during the proposed class period.  (*See* Fourth Am. Compl. ¶¶ 3–4, Dkt. No. 208.)  Because there are no plan-wide allegations, the reasoning in *Moreno* concerning class standing does not apply.

In addition, in holding that there was sufficient commonality to establish class standing, Judge Schofield relied on *Spano* v. *The Boeing Co.*, 633 F.3d 574 (7th Cir. 2011).  *See Moreno*, 2017 WL 3868803 at *5.  However, the Seventh Circuit in *Spano* actually vacated the district court's order certifying a class of investors in Boeing's defined contribution plan on the grounds that "a class representative in a defined-contribution case would at a minimum need to have invested in the same funds as the class members."  *Id.* at 586.  For the same reasons articulated in *Spano*, named plaintiffs lack class standing here.

Finally, we note that the defendant in *Moreno,* Deutsche Bank, has moved in the Second Circuit for an interlocutory appeal of Judge Schofield's decision.  *See* Case No. 17-2911 (2d Cir.).  The Chamber of Commerce has also moved to file an *amicus* brief in support of Deutsche Bank in which it argues that an ERISA class action concerning a defined contribution plan should never be certified under the mandatory class action provision of Federal Rule of Civil Procedure 23(b)(1).  *See* Case No. 17-2911, Dkt. No. 22-2 (2d Cir. Sept. 26, 2017).

\*   \*   \*

For all of the above reasons, and those discussed in defendants' brief in opposition to class certification (Dkt. No. 233), and letters dated July 28, 2016, February 22, 2017, June 29, 2017, and August 23, 2017 (Dkt. Nos. 251, 256, 259, & 262), we respectfully request that class certification be denied.

Respectfully submitted,

/s/ Lewis R. Clayton

cc:   All Counsel of Record (via ECF)