IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Marya J. Leber, *et al.* <br><br> Plaintiffs, <br><br> -against- <br><br> Citigroup 401(k) Plan Investment Committee, *et al.* <br><br> Defendants | **Case No.** <br><br> **07-cv-09329-SHS (S.D.N.Y.** |

**SETTLEMENT AGREEMENT**

This settlement agreement (this "Agreement" or "Settlement") is entered into between and among the Class Representatives (defined *infra*) on behalf of themselves and the Class (defined *infra*) ("Plaintiffs"), The Citigroup 401(k) Plan Investment Committee, the Benefit Plans Investment Committee of Citigroup, Inc., Michael Carpenter, Paul Collins, James Costabile, Virgil Cumming, David Dodillet, Robert Grogan, William Heyman, Robin Leopold, Alan MacDonald, Michael Murray, Christine Simpson, Richard Tazik, Todd Thomson, Timothy Tucker, David Tyson, Ronald A. Walter, Guy Whittaker, Donald Young, James Zelter, and Bruce Zimmerman ("Defendants"), and Citigroup, Inc. ("Citigroup") (collectively with Plaintiffs and Defendants, the "Parties") this 1st day of August, 2018.  The Agreement is intended to fully, finally and forever resolve, discharge, and settle the Action (defined *infra*) and the claims asserted therein, upon and subject to the terms and conditions hereof, including but not limited to the approval of the Court.

1

WHEREAS, on October 18, 2007, Marya L. Leber commenced an action captioned *Leber et al.* v. *The Citigroup 401(k) Plan Investment Committee, et al,* No. 07-9329 (S.D.N.Y.) (the "Action") on behalf of herself and all others similarly situated, asserting claims under various sections of the Employment Retirement Income Security Act of 1974 ("ERISA") for alleged breaches of fiduciary duties and ERISA-prohibited transactions related to the Citigroup 401(k) Plan (the "401(k) Plan"); and

WHEREAS, on September 18, 2015, following motion practice and several amendments, the Fourth Amended Complaint was filed against the Citigroup 401(k) Plan Investment Committee, the Benefit Plans Investment Committee of Citigroup Inc., and individual committee members, alleging breaches of their duty of prudence and loyalty relating to decisions made with respect to nine specific Citigroup-affiliated funds that were offered as options in the Citigroup 401(k) Plan during part or all of the relevant time period.

WHEREAS, on November 27, 2017, the Court entered an order (the "Class Certification Order") that certified a class pursuant to Federal Rule of Civil Procedure 23(b)(1)(B) comprised of all participants in the Citigroup 401(k) Plan who invested in any of the following funds from October 18, 2001 to December 1, 2005: Citi Institutional Liquid Reserves Fund, Smith Barney Government Securities Fund, Smith Barney Diversified Strategic Income Fund, Smith Barney Large Cap Growth Fund, Smith Barney Large Cap Value Fund, Smith Barney Small Cap Value Fund, Smith Barney International All Cap Growth Fund, Smith Barney Fundamental Value Fund, and the Salomon Brothers High Yield Bond Fund ("Class"); and

WHEREAS, on November 27, 2017, the Court appointed Plaintiffs Marya J. Leber and Sara L. Kennedy to serve as class representatives ("Class Representatives"); and

WHEREAS, on November 27, 2017, the Court appointed J. Brian McTigue and James A. Moore of McTigue Law LLP and Gregory Y. Porter of Bailey & Glasser LLP as counsel for the Class (together, "Class Counsel"), and David M. Preminger of Keller Rohrback LLP as liaison counsel for the Class; and

WHEREAS, Defendants have denied and continue to deny any liability in the Action, and Plaintiffs continue to assert that Defendants are liable; and

WHEREAS, without any admissions of liability as to any claims or as to the weakness or strength of either Party's respective claims or defenses, the Parties have agreed to settle the Action upon the terms and conditions set forth herein.

NOW, THEREFORE, in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, without admission of any liability or wrongdoing, AGREE AS FOLLOWS:

1. **SETTLEMENT AMOUNT.** Citigroup shall pay six million nine hundred thousand U.S. dollars ($6,900,000.00) (the "Settlement Amount") in full discharge and settlement of the Action. The Settlement Amount is an all-in settlement number, meaning that it includes all attorneys' fees, incentive awards, litigation expenses,

administration costs, taxes, and costs of any kind associated with the resolution of this matter, if any. Other than the payments described below in Paragraph 2 and Paragraphs 5(a)-(b), Citigroup shall have no obligation to make any payment into the Escrow Account, as defined below, or to any Class Member or any other person or entity pursuant to this Agreement. Notwithstanding anything to the contrary in this Agreement, under no circumstances shall the total to be paid by Citigroup pursuant to this Agreement exceed the Settlement Amount plus the fees described in Paragraphs 5(a)-(b).

2.  **SETTLEMENT PAYMENT.**

(a)   In consideration of the Agreement, no later than the 5th business day after the entry of an order from the Court approving the motion for preliminary approval of the Settlement (the "Preliminary Approval Order"), Citigroup shall pay or cause to be paid a $350,000 payment ("First Settlement Payment") to an Escrow Account whose terms and agent will be jointly selected by the Parties ("Escrow Account"). This First Settlement Payment shall be used by Class Counsel to pay for settlement administration and notice costs.

(b)   No later than the 5th business day after the entry of an order by the Court finally approving the settlement (the "Final Approval Order"), Citigroup shall wire a $6,550,000 payment to the Escrow Account ("Second and Final Settlement Payment").

(c)   The First Settlement Payment and the Second Settlement Payment, together with any return on them while in escrow constitute the Settlement Payment ("Settlement Payment").

4

3. **COURT APPROVAL OF THE SETTLEMENT.**

(a) By August 15, 2018 or any other date directed by the Court, the Parties shall jointly move for entry of a Preliminary Approval Order, preliminarily approving the Settlement and a plan of allocation agreed upon by the Parties. If there is no such filing by August 15, 2018, the Parties will return to litigation, *nunc pro tunc*.

(b) No later than fourteen (14) calendar days prior to the Final Approval Hearing, and unless the Settlement has otherwise been terminated pursuant to this Agreement, the Class Representatives shall move for (a) final approval of the Settlement pursuant to Rule 23(e) of the Federal Rules of Civil Procedure; (b) entry of a judgment providing a complete dismissal with prejudice of the claims asserted in the Action; and (c) approval of the plan of allocation of the Net Settlement Proceeds agreed upon by the Parties.

4. **ATTORNEYS' FEES, INCENTIVE PAYMENTS AND LITIGATION EXPENSES.**

(a) Class Representatives shall submit, no later than sixty days prior to the Fairness Hearing, or any other date directed by the Court, the amount of attorneys' fees and litigation expenses that Class Counsel will request in connection with the Settlement. Citigroup will not object to an attorneys' fee request equal to or less than one-third of the Settlement Amount, provided that the requested fees will be paid out of the Settlement Amount. Similarly, Citigroup will not object to Class Counsel's recovery of reasonable litigation expenses incurred in prosecuting this action, provided that the expenses will be paid out of the Settlement Amount.

(b) Class Representatives reserve the right to make a motion to seek an incentive payment award for each Class Representative equal to or less than $15,000.  Citigroup will not object to such motion provided that the incentive payment award for each Class Representative is equal to or less than $15,000 and the incentive payment awards will be paid out of the Settlement Amount.

(c) Any attorneys' fees, litigation expenses, and incentive payment that the Court awards shall be paid to Class Counsel with the Court's approval from the Escrow Account no later than the 5th business day after the Settlement is final and nonappealable.

5. **DISTRIBUTION OF NET SETTLEMENT PROCEEDS.**

(a) Citigroup shall provide participant transactional data and class member records reasonably necessary to effectuate a plan of allocation acceptable to the Court. Citigroup and the settlement administrator shall confer in good faith to reach agreement on reasonable charges for any special services in connection with notification and the plan of allocation before such additional services are rendered.  Subject to agreement between Citigroup and the settlement administrator on reasonable charges, Citigroup will pay for such special services of the settlement administrator.

(b) The named 401(k) Plan fiduciary will select an Independent Fiduciary to provide an authorization as may be required by Prohibited Transaction Exemption 2003-39 or any other applicable class or statutory exemptions.  The costs associated with the Independent Fiduciary shall be paid by Citigroup. A copy of the

Independent Fiduciary's authorization will be provided to Class Counsel at least 21 calendar days before the Fairness Hearing.

(c) Allocation of payments from the net settlement proceeds, after payment of fees, expenses, costs, and awards mentioned *supra* in Paragraph 4 ("Net Settlement Proceeds") shall be described in the plan of allocation, which shall be filed as an exhibit to a Memorandum in Support of the Motion for Preliminary Approval.

(d) The Citigroup Releasees (as defined *infra*) shall have no responsibility or liability whatsoever for allocation of the Net Settlement Proceeds.

(e) The allocation of the Net Settlement Proceeds among the Class shall not affect the validity or finality of the Settlement. Class Representatives may not terminate the Settlement based on this Court's or any court's ruling with respect to the plan of allocation in the Action.

(f) No person or entity shall have any claim against the Class Representatives, Class Counsel, the Citigroup Releasees based on the administration or allocation of the Net Settlement Proceeds or any terms of this Agreement.

6. **MUTUAL RELEASES**.

(a) **CITIGROUP RELEASEES.** Effective on and as of the Effective Date, the Class Representatives and each of the Class Members (collectively, the "Class Releasors") individually and collectively, hereby irrevocably and fully forever settle, discharge, and release Defendants and Citigroup, and all of Citigroup's

7

predecessors, successors, affiliates, subsidiaries, and parent companies (together, "Citigroup and Its Affiliates") and all of Citigroup's and Its Affiliates' past and present directors, officers, employees, managers, members, agents, representatives, accountants, auditors, consultants, attorneys, advisors, lenders, creditors, insurers, executors, and administrators and all persons acting by, through, under, or in concert with them, or any of them (together, the "Citigroup Releasees"), from any and all claims, actions, causes of action, controversies, demands, disputes, duties, debts, damages, obligations, contracts, agreements, promises, issues, judgments, liabilities, liens, losses, sums of money, matters, suits, proceedings, and rights of every nature and description, whether known or unknown, suspected or unsuspected, concealed or unconcealed, foreseen or unforeseen, fixed or contingent, matured or unmatured, accrued or unaccrued, liquidated or unliquidated, whether based on federal, state, local or foreign statutory law, rule, regulation, common law or equity, that, from the beginning of time, the Class Releasors ever had, now have or hereafter can, shall or may have that arise from, are based on, are attributable to, the transactions and occurrences (i) asserted in the Action, (ii) that could have been asserted in the Action based on the facts alleged in the complaints (including facts known to plaintiffs or their counsel relating to discovery obligations and record-keeping), or (iii) could have been asserted in the Action based on the defenses asserted or the settlement of the Action.  ("Released Claims").  Notwithstanding anything to the contrary in this Agreement, however, nothing herein will release Defendants or Citigroup from their obligations under this Agreement.

(b)     **CLASS RELEASEES**.  Effective on and as of the Release Date, Defendants and Citigroup, on its own behalf and on behalf of its Affiliates, and on

behalf of Citigroup's and its Affiliates' successors and any other party claiming through them, including but not limited to any Citigroup Releasee (all of the foregoing, collectively, the "<u>Citigroup Releasors</u>"), hereby irrevocably and fully forever settles, discharges, and releases individuals who are current or former named plaintiffs in the Action, their current or former counsel, Class Counsel, and liaison counsel from any and all claims, actions, causes of action, controversies, demands, disputes, duties, debts, damages, obligations, contracts, agreements, promises, issues, judgments, liabilities, liens, losses, sums of money, matters, suits, proceedings, and rights of every nature and description, whether known or unknown, suspected or unsuspected, concealed or unconcealed, foreseen or unforeseen, fixed or contingent, matured or unmatured, accrued or unaccrued, liquidated or unliquidated, whether based on federal, state, local or foreign statutory law, rule, regulation, common law or equity, that, from the beginning of time, the Citigroup Releasors ever had, now have or hereafter can, shall or may have that (i) are related to the Action or (ii) the prosecution or settlement of the Action.  Notwithstanding anything to the contrary in this Agreement, however, nothing herein will release the Class Representatives and the Class from their obligations under this Agreement.

          (c)       The Parties acknowledge that the releases in Subparts (a) and (b) include claims that the Parties do not know or suspect to exist in his, her, their or its favor at the time this Stipulation is executed, approved, or becomes effective, which if known by them might have affected their settlement and release of such claims, or might have affected their decision to enter into or not to object to this Settlement or not to exclude themselves from the Class.  The Parties acknowledge that they may hereafter discover facts or legal theories or authorities in addition to or different from those that

9

they now believe to be true. Notwithstanding the foregoing, the Parties stipulate and agree that, upon the Effective Date, they and all other releasing parties hereunder shall expressly waive, and each member of the Class shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by Cal. Civ. Code § 1542, and any law of any state or territory of the United States, or principle of common law, or the law of any foreign jurisdiction, that is similar, comparable or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims, which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The release of Unknown Claims, as set forth in this Stipulation, was separately bargained for and is a material element of this Agreement.

8. **WAIVER OR TERMINATION**

(a)  Within ten (10) business days of: (i) the Court's entry of an order expressly declining to enter the Preliminary Approval Order in any material respect; (ii) the Court's refusal to approve this Stipulation or any material part of it; (iii) the Court's declining to enter the Judgment in any material respect; or (iv) the date upon which the Judgment is modified or reversed in any material respect and such modification or reversal becomes final, the Class Representatives, Defendants, and Citigroup each shall have the right to terminate the Settlement and this Stipulation, by providing written notice to the other of an election to do so; *provided, however,* that any decision, ruling, or order solely with respect to an application for attorneys' fees, incentive

award payments or litigation expenses, or expanding the scope of the Class, or to any plan of allocation shall not be grounds for termination.

(b) The <u>Effective Date</u> of the Settlement shall be the first business day on which all of the following shall have occurred or been waived:

(i) Citigroup has fully paid, or caused to be fully paid, the Settlement Amount, as required above;

(ii) No Party has terminated the Settlement and this Stipulation pursuant to <u>Paragraph 8(a)</u> hereof;

(iii) the Court has approved the Settlement as described herein, and entered the Judgment; and

(iv) the Judgment has become final and non-appealable.

(c) If any Party exercises their respective right to terminate the Settlement pursuant to <u>Paragraph 8(b)</u>:

(i) This Stipulation shall be canceled and terminated;

(ii) the Effective Date shall not occur;

(iii) Class Representatives, Defendants, and Citigroup shall be restored to their respective positions as of August 1, 2018;

(iv) the terms and provisions of this Agreement, with the exception of terms relating to confidentiality, shall have no further force and effect with

11

respect to the Parties and shall not be used in the Action or in any other proceeding by anyone for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*; and

(v) no later than the 10th business day after any such termination, the funds in the Escrow Account shall be refunded by the Escrow Agent, after payment of any outstanding costs of settlement administration, to Citigroup.

(d) Except as otherwise provided herein, in the event the Settlement is terminated, the Settlement shall be without prejudice, and none of the terms shall be effective or enforceable and the fact and terms of the Settlement shall not be admissible in any trial of the Action or in any other litigation or proceeding, and, except as otherwise expressly provided, this Stipulation shall be null and void and shall have no further force or effect, and the Settling Parties and the members of the Class shall proceed in all respects as if this Stipulation and any related orders had not been entered.

9. **NO ADMISSIONS.** Neither this Agreement nor any of the drafts, negotiations, or proceedings related to this Agreement are or shall be deemed to be a concession or admission by Defendants as to any liability, damages, amount of damages, negligence, fault, misconduct, breach, or wrongdoing of any kind, or as to any weakness in any of its defenses. Likewise, neither this Agreement nor any of the drafts, negotiations, or proceedings related to this Agreement are or shall be deemed to be a concession or admission by Plaintiffs as to any lack of liability, damages, amount of damages, negligence, fault, misconduct, breach, or wrongdoing of any kind, or as to any weakness in any of their claims.

10. **NO USE IN OTHER PROCEEDINGS**.  Neither this Agreement nor any drafts, negotiations, or proceedings related to this Agreement shall be used for any purpose in any action or proceeding against the parties hereto, except to effectuate the releases and liability protections granted herein or to enforce the terms of this Agreement.

11. **GOVERNING LAW; EXCLUSIVE JURISDICTION.**  This Agreement and all disputes arising out of or in connection with it, to the extent not governed by federal law, shall be governed in all respects, including construction, interpretation, operation, effect, and validity, by the laws of the State of New York, without regard to principles of conflicts of law.  Any action with respect to any such dispute or enforcement of this Agreement must be brought in the Court, which shall have jurisdiction over the Parties with respect to such dispute or enforcement.

12. **WAIVER OF JURY TRIAL.**  Each of the Parties hereby waives trial by jury in any action, suit, proceeding, or counterclaim related to this Agreement.

13. **BINDING EFFECT.**  This Agreement shall be binding upon and inure to the benefit of the Parties and their respective successors and permitted assigns, including any corporation, partnership, or other entity into or with which Citigroup may merge, consolidate, or reorganize, and including any trustee, receiver or similar official subsequently appointed or elected (on an interim basis or otherwise) in any proceeding involving Citigroup or its property.  This Agreement may not be assigned in whole or in part by any Party without the express written consent of the other Party.

14. **NO THIRD PARTY BENEFICIARIES.**  Nothing in this Agreement creates or will be deemed to create any third-party beneficiary rights in any Person not a party to this Agreement.  Notwithstanding the immediately preceding sentence, the Citigroup Releasees and the Class Releasees will be entitled to rely upon and use any releases that become effective under Paragraph 6.

15. **ENTIRE AGREEMENT; SEVERABILITY.**  This Agreement contains, and is intended as, a complete statement of all of the terms and arrangements between the Parties hereto with respect to the matters provided for herein, and supersedes any previous agreements and understandings between the Parties with respect to any such matters, including, without limitation, the draft term sheets the Parties exchanged.  The Parties acknowledge that no other representations, warranties, or inducements have been made by either Party concerning this Agreement, other than those set forth herein.  If any immaterial provision of this Agreement is declared or determined by any court of competent jurisdiction to be illegal, invalid or unenforceable, the legality, validity and enforceability of the remaining parts, terms or provisions of this Agreement will not be affected thereby and said illegal, unenforceable or invalid part, term or provision will be deemed not to be a part of this Agreement.

16. **HEADINGS.**  The paragraph headings of this Agreement are for convenience only and shall not in any way affect the meaning, construction, or interpretation of this Agreement.

17. **<u>CONSTRUCTION</u>.** No rule of strict construction will be applied against any Party and no deference will be provided to any Party with respect to the interpretation or construction of this Agreement.

18. **<u>AMENDMENTS</u>.** This Agreement may be amended, supplemented, or modified, and any provision hereof may be waived, only pursuant to a written instrument making specific reference to this Agreement and signed by the Parties.

19. **<u>OPPORTUNITY TO REVIEW</u>.** The Parties each represent that they have had the opportunity to review this Agreement with counsel, and agree that the Agreement shall not be construed against either Party on the basis of either Party having drafted any part or all of the Agreement.

20. **<u>NOTICES</u>.** All Notices required or permitted under this Agreement must be provided by (i) UPS, FedEx, DHL or first class mail, and (ii) e-mail, as set forth below.

    If to Class Representatives, to:

        J. Brian McTigue
        McTigue Law LLP
        4530 Wisconsin Avenue, NW
        Suite 300
        Washington, DC 20016
        bmctigue@mctiguelaw.com

    with a copy to:

        James A. Moore
        McTigue Law LLP
        4530 Wisconsin Avenue, NW
        Suite 300
        Washington, DC 20016
        jmoore@mctiguelaw.com

>Gregory Y. Porter
>Bailey & Glasser LLP
>1054 31st, NW
>Suite 230
>Washington, DC 20007
>gporter@baileyglasser.com

If to Defendants or Citigroup to:

>Pamela C. Scott Esq.
>Citigroup Inc.
>One Court Square
>9th Floor, Zone 10
>Long Island City, NY 11120
>scottp@citi.com

with a copy to:

>Lewis R. Clayton
>Paul, Weiss, Rifkind, Wharton & Garrison LLP
>1285 Avenue of the Americas
>New York, New York 10019-6064
>lclayton@paulweiss.com

21.     **AUTHORITY.**  Each Party represents and warrants that it has full power and authority to enter into this Agreement, and each person signing this Agreement on behalf of any Party represents and warrants that he or she is duly authorized to do so.

22.     **COUNTERPARTS.**  This Agreement may be executed in counterparts, each of which shall be deemed an original, but which together shall constitute one and the same instrument and shall have the same force and effect as if the Parties had signed the same Agreement. As set forth below, signatures transmitted by PDF image will have the same effect as original signatures.

23. **EXCHANGE OF SIGNATURES.** Each Party's signature on this Agreement shall be deemed effective when the Party sends a PDF image of that Party's counsel's signature on the Agreement to the other Party as follows:  Class Representatives or their counsel shall email signed copies to Citigroup's outside counsel, Lewis R. Clayton (lclayton@paulweiss.com) and Karen R. King (kking@paulweiss.com); and Defendants and Citigroup or their counsel shall email signed copies to Class Counsel J. Brian McTigue (bmctigue@mctiguelaw.com), James A. Moore (jmoore@mctiguelaw.com), and Gregory Y. Porter (gporter@baileyglasser.com).

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed, by their duly authorized attorneys as of August 1, 2018.

| FOR DEFENDANTS<br>AND CITIGROUP, INC., | FOR PLAINTIFFS<br>AND THE CLASS |
|---|---|
| By:_____ | By:_____ |
| Date:_____ | Date:_____ |
| Lewis R. Clayton<br>Karen R. King<br>**PAUL, WEISS, RIFKIND,**<br>**WHARTON & GARRISON LLP**<br>1285 Avenue of the Americas<br>New York, New York 10019-6064 | J. Brian McTigue (*Pro hac vice*)<br>James A. Moore (*Pro hac vice*)<br>**MCTIGUE LAW LLP**<br>4530 Wisconsin Avenue, NW<br>Suite 300<br>Washington, DC  20016 |
| | By:_____ |
| | Date:_____ |
| | Gregory Y. Porter (*Pro hac vice*)<br>**BAILEY & GLASSER LLP**<br>1054 31st, NW<br>Suite 230<br>Washington, DC 20007 |

23. **EXCHANGE OF SIGNATURES.**  Each Party's signature on this Agreement shall be deemed effective when the Party sends a PDF image of that Party's counsel's signature on the Agreement to the other Party as follows:  Class Representatives or their counsel shall email signed copies to Citigroup's outside counsel, Lewis R. Clayton (lclayton@paulweiss.com) and Karen R. King (kking@paulweiss.com); and Defendants and Citigroup or their counsel shall email signed copies to Class Counsel J. Brian McTigue (bmctigue@mctiguelaw.com), James A. Moore (jmoore@mctiguelaw.com), and Gregory Y. Porter (gporter@baileyglasser.com).

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed, by their duly authorized attorneys as of August 1, 2018.

FOR DEFENDANTS
AND CITIGROUP, INC.,

By:_____

Date:_____

Lewis R. Clayton
Karen R. King
**PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, New York 10019-6064

FOR PLAINTIFFS
AND THE CLASS

By: /s/ J. Brian McTigue

Date: August 1st 2018

J. Brian McTigue (*Pro hac vice*)
James A. Moore (*Pro hac vice*)
**MCTIGUE LAW LLP**
4530 Wisconsin Avenue, NW
Suite 300
Washington, DC  20016


By:_____

Date:_____

Gregory Y. Porter (*Pro hac vice*)
**BAILEY & GLASSER LLP**
1054 31st, NW
Suite 230
Washington, DC 20007

23. **EXCHANGE OF SIGNATURES.** Each Party's signature on this Agreement shall be deemed effective when the Party sends a PDF image of that Party's counsel's signature on the Agreement to the other Party as follows: Class Representatives or their counsel shall email signed copies to Citigroup's outside counsel, Lewis R. Clayton (lclayton@paulweiss.com) and Karen R. King (kking@paulweiss.com); and Defendants and Citigroup or their counsel shall email signed copies to Class Counsel J. Brian McTigue (bmctigue@mctiguelaw.com), James A. Moore (jmoore@mctiguelaw.com), and Gregory Y. Porter (gporter@baileyglasser.com).

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed, by their duly authorized attorneys as of August 1, 2018.

| FOR DEFENDANTS AND CITIGROUP, INC., | FOR PLAINTIFFS AND THE CLASS |
|---|---|
| By:_____ | By:_____ |
| Date:_____ | Date:_____ |
| Lewis R. Clayton<br>Karen R. King<br>**PAUL, WEISS, RIFKIND,**<br>**WHARTON & GARRISON LLP**<br>1285 Avenue of the Americas<br>New York, New York 10019-6064 | J. Brian McTigue (*Pro hac vice*)<br>James A. Moore (*Pro hac vice*)<br>**MCTIGUE LAW LLP**<br>4530 Wisconsin Avenue, NW<br>Suite 300<br>Washington, DC  20016 |

By: *[signature: Gregory Porter by permission]* /s/
Date: 8-1-18

Gregory Y. Porter (*Pro hac vice*)
**BAILEY & GLASSER LLP**
1054 31st, NW
Suite 230
Washington, DC 20007

17

23. **EXCHANGE OF SIGNATURES.** Each Party's signature on this Agreement shall be deemed effective when the Party sends a PDF image of that Party's counsel's signature on the Agreement to the other Party as follows: Class Representatives or their counsel shall email signed copies to Citigroup's outside counsel, Lewis R. Clayton (lclayton@paulweiss.com) and Karen R. King (kking@paulweiss.com); and Defendants and Citigroup or their counsel shall email signed copies to Class Counsel J. Brian McTigue (bmctigue@mctiguelaw.com), James A. Moore (jmoore@mctiguelaw.com), and Gregory Y. Porter (gporter@baileyglasser.com).

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed, by their duly authorized attorneys as of August 1, 2018.

FOR DEFENDANTS
AND CITIGROUP, INC.,

By: /s/ [signature]
Date: 8/1/2018

Lewis R. Clayton
Karen R. King
**PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, New York 10019-6064

FOR PLAINTIFFS
AND THE CLASS

By: _____
Date: _____

J. Brian McTigue (*Pro hac vice*)
James A. Moore (*Pro hac vice*)
**MCTIGUE LAW LLP**
4530 Wisconsin Avenue, NW
Suite 300
Washington, DC 20016

By: _____
Date: _____

Gregory Y. Porter (*Pro hac vice*)
**BAILEY & GLASSER LLP**
1054 31st, NW
Suite 230
Washington, DC 20007

17