*EXHIBIT 1*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *Leber, et. al*, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| *The Citigroup 401(k) Plan Investment Committee, et. al*, | ) Civ. A. No. 07-cv-9329-SHS |
| | ) |
|     Defendants. | ) |
| | ) |

**[PROPOSED] ORDER GRANTING FINAL APPROVAL
OF CLASS ACTION SETTLEMENT AND FINAL JUDGMENT**

This action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"). Plaintiffs claim that Defendants breached their fiduciary duties and engaged in self-dealing under ERISA by selecting for the Citigroup 401(k) Plan (the "Plan") investment options managed by subsidiaries and affiliates of Citigroup. Defendants deny all allegations that they breached their duties to Plaintiffs or any other participant in the Plan, or that they engaged in any ERISA violations. The parties have reached agreement on a proposed Settlement. The terms of the Settlement are set out in the Stipulation of Settlement and Release of Claims executed by Class Counsel and Defendants' Counsel on August 1, 2018 (the "Settlement Agreement"), which is incorporated herein by reference.[1]

The Court has considered the Settlement and conducted a hearing to determine whether the Settlement is fair, reasonable, and adequate under the circumstances. Upon reviewing and

---

[1] Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

considering the pleadings and documents filed in this action, Plaintiffs' Motion for Final Approval, the arguments of counsel, and the Settlement Agreement, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. The Court has jurisdiction over the subject matter of this Action and all parties to the Action, including all Class Members.

2. The Court previously certified a Class. The Class is defined as:

> All participants in the Citigroup 401(k) Plan who invested in any of the following funds from October 18, 2001 to December 1, 2005: Citi Institutional Liquid Reserves Fund, Smith Barney Government Securities Fund, Smith Barney Diversified Strategic Income Fund, Smith Barney Large Cap Growth Fund, Smith Barney Large Cap Value Fund, Smith Barney Small Cap Value Fund, Smith Barney International All Cap Growth Fund, Smith Barney Fundamental Value Fund, and the Salomon Brothers High Yield Bond Fund. Excluded from the class are Defendants, Defendants' beneficiaries, and Defendants' immediate families.

3. All individuals within the Class, as defined in paragraph 2 above, are "Class Members."

4. Notice of the Settlement was emailed to participants for whom Citigroup had valid email addresses, and mailed, by first-class mail, postage prepaid, to those for whom Citigroup did not provide valid email addresses, and notice was published on an internet website ("Class Settlement Notice"). This Class Settlement Notice constituted the best notice practicable under the circumstances and constituted valid, due, and sufficient notice to the Class of their rights and obligations, in compliance with Federal Rule of Civil Procedure 23 and due process.

5. The Court conducted a Fairness Hearing on January 3, 2019, to consider whether the Settlement warrants final approval as fair, reasonable, and adequate.

6. The Court finds that: (a) the Settlement resulted from arm's-length negotiations; (b) the Settlement Agreement was executed only after Class Counsel had conducted appropriate

investigation and discovery regarding the strengths and weaknesses of Plaintiffs' claims and Defendants' defenses to Plaintiffs' claims; and (c) the Settlement is fair, reasonable, and adequate.

    7.    The Court hereby approves the Settlement and orders that the Settlement shall be consummated and implemented in accordance with the terms and conditions of the Settlement Agreement. This Final Order and Judgment incorporates and makes part hereof the Settlement Agreement filed with this Court on September 4, 2018. Dkt. 281-1.

    8.    Pursuant to Federal Rule of Civil Procedure 23(c)(1), all Settlement Class Members are bound by this Order Granting Final Approval of Class Action Settlement and Final Judgment, and by the terms of the Settlement Agreement.

    9.    The Released Settling Parties, including Plaintiffs, all Settlement Class Members, Defendants, and the Plan are hereby: (a) deemed to have fully, finally, and forever released, relinquished, and discharged the Released Claims against the Released Settling Parties, as set forth in Paragraph 6 of the Settlement Agreement; (b) forever barred and permanently enjoined from asserting, instituting, or commencing, either directly or indirectly, any of the Released Claims against any of the Released Settling Parties; and (c) shall be and are deemed bound by the Settlement Agreement and this Final Order and Judgment. This Final Order and Judgment, including the release of all Released Claims against all Released Settling Parties, shall have *res judicata* and other preclusive effect in all pending and future lawsuits, arbitrations or other proceedings maintained by or on behalf of Plaintiffs and all other Class Members, as well as their respective heirs, executors, administrators, estates, predecessors-in-interest, predecessors, successors-in-interest, successors, and assigns.

    10.    Consistent with the provisions of the Settlement Agreement governing the timing for performance, the parties are directed to perform the Settlement Agreement according to its

terms and consistent with all additional terms set forth in this Order Granting Final Approval of Class Action Settlement and Final Judgment, or any other subsequent order of the Court.

11. Without affecting the finality of this Order Granting Final Approval of Class Action Settlement and Final Judgment in any way, the Court hereby retains continuing jurisdiction over the implementation, administration, and enforcement of this Final Judgment, the Settlement Agreement, and all matters ancillary thereto.

12. All requirements of the Class Action Fairness Act, 29 U.S.C. § 1711 *et seq.*, have been met.

13. One class member filed an objection to the Settlement, but the objector cited no defect with the settlement and, in fact, expressly requested payment under the settlement. The objection was also untimely. One class member submitted a request to opt-out, but as the Class was certified pursuant to Rule 23(b)(1) of the Federal Rules of Civil Procedure, no opt-out right is permitted. The objection (Dkt. 287) and request to opt-out (Dkt. 286) are, for these reasons, denied.

14. This Action and all claims that were or could have been raised therein, whether asserted by Plaintiffs on their own behalf, or on behalf of the Settlement Class, or on behalf of the Plan, are hereby dismissed with prejudice and without costs to any of the Released Settling Parties, other than as provided for in the Settlement Agreement.

15. Class Counsel, Plaintiffs, Settlement Class Members, Defendants, or the Plan may hereafter discover facts in addition to or different from those they know or believe to be true with respect to the Released Claims. Such facts, if known by them, might have affected their decision to settle or their decision to release, relinquish, waive, and discharge the Released Claims, or might have affected the decision of a Settlement Class Member not to object to the Settlement.

Notwithstanding the foregoing, Plaintiffs, each Settlement Class Member and Defendant, and the Plan have hereby fully, finally, and forever settled, released, relinquished, and discharged all Released Settling Parties of the Released Claims.

16. Plaintiffs, each Settlement Class Member and Defendant, and the Plan hereby waive any and all rights or benefits respectively conferred upon them by the provisions of Section 1542 of the California Civil Code and all similar provisions of the statutory or common laws of any other State, Territory, or other jurisdiction. Section 1542 of the California Civil Code provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

17. Plaintiffs, each Settlement Class Member and Defendant, and the Plan shall hold harmless the Released Settling Parties for any taxes due on funds once deposited in the Qualified Settlement Fund.

18. Neither the Settlement Agreement, nor this Final Order and Judgment, nor the facts or any terms of the Settlement, nor any negotiation, discussion, action or proceeding in connection with the Settlement Agreement, is to be considered in this or any other proceeding as evidence, or a presumption or inference, admission or concession by Defendants in the Action, of any fault, liability or wrongdoing whatsoever, or lack of any fault, liability or wrongdoing, as to any facts or claims alleged or asserted in the Action, or any other actions or proceedings. Neither the Settlement Agreement, nor this Final Order and Judgment, nor the facts or any terms of the Settlement, nor any negotiation, discussion, action or proceeding in connection with the Settlement Agreement is admissible as evidence for any purpose in any pending or future litigation involving any of the parties. Neither the Settlement Agreement, nor this Final Order and Judgment,

nor the facts or any terms of the Settlement, nor any negotiation, discussion, action or proceeding in connection with the Settlement Agreement shall be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability and Defendants specifically deny any such fault, breach, liability or wrongdoing. Neither the Settlement Agreement, nor this Final Order and Judgment, nor the facts or any terms of the Settlement, nor any negotiation, discussion, action or proceeding in connection with the Settlement Agreement shall be construed or used as an admission, concession, or declaration by or against Plaintiffs or the Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper, or unavailable. Neither the Settlement Agreement, nor this Final Order and Judgment, nor the facts or any terms of the Settlement, nor any negotiation, discussion, action or proceeding in connection with the Settlement Agreement shall be construed or used as an admission, concession, declaration, or waiver by any party of any arguments, defenses, or claims he, she, or it may have in the event that the Settlement Agreement is terminated. Notwithstanding the foregoing in this Paragraph 18, the Settlement Agreement and/or Final Order and Judgment may be introduced in any proceeding, whether in this Court or otherwise, as may be necessary to argue that the Settlement Agreement and/or Final Order and Judgment has *res judicata*, collateral estoppel or other issue or claim preclusion effect or to otherwise consummate or enforce the Settlement and/or Final Order and Judgment.

19. The binding effect of this Final Order and Judgment and the obligations of Plaintiffs and Defendants under the Settlement shall not be conditioned upon or subject to the resolution of any appeal from this Final Order and Judgment that relates solely to the issue of Class Counsel's (or any other counsel's) application for an award of Attorneys' Fees and Costs.

20. The Settlement Administrator, working under the direction of Class Counsel, shall

have final authority to determine the share of the Settlement Payment to be allocated to each Settlement Class Member.

21. With respect to payments or distributions to Settlement Class Members, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in his, her, or its sole and exclusive discretion.

22. With respect to any matters that arise concerning distributions to Settlement Class Members (after allocation decisions have been made by the Settlement Administrator in his, her, or its sole discretion), all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator after consultation with the parties and their counsel.

23. At a reasonable date following the issuance of all settlement payments to Settlement Class Members, the Settlement Administrator shall prepare and provide to Class Counsel and Defendants' Counsel a list of each person who was issued a settlement payment and the amount of such payment.

24. Without further order of the Court, the parties may agree in writing to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

25. Upon entry of this Order, all Settlement Class Members, Defendants, and the Plan shall be bound by the Settlement Agreement and by this Final Order and Judgment.

26. The Court, finding that no reason exists for delay, hereby directs the Clerk to enter this Final Judgment forthwith.

IT SO ORDERED this the _____ day of _____, 2019

_____
SIDNEY H. STEIN
UNITED STATES DISTRICT JUDGE